## H. D. HANNON *v*. THE STATE.

1. CONSPIRACY — EVIDENCE. — It is a well-settled principle of law that the declarations of one can be used against another, when it is proved that they were engaged in a common enterprise, and that the declarations were made before the act was complete.

2. SAME. — When a conspiracy is shown, the declarations of one conspirator in furtherance of the common design, as long as the conspiracy continues, are admissible against the associates, though made in their absence.

3. SAME. — The least degree of concert or collusion between the parties to an illegal transaction makes the act of one the act of all.

4. EVIDENCE. — The jury are authorized to pass upon the credibility of testimony, and to credit those witnesses who, in their opinion, are best entitled to belief.

APPEAL from the District Court of Erath.    Tried below before the Hon. J. R. FLEMING.

The appellant was convicted of the theft of five head of cattle, and his punishment assessed at four years in the penitentiary.    The case of J. H. Taylor, referred to in the opinion, will be found *ante*, p. 529.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

ECTOR, P. J.    In this case, H. D. Hannon was tried for and convicted of theft of five certain cattle, alleged to be the property of T. B. Long.    The indictment is in proper form, and the charge of the court was an excellent exposition of the law applicable to the facts of the case.    The evidence shows conclusively the theft of the cattle, and that they were the property of T. B. Long.

The first error assigned is, "that the court erred in admitting the testimony, over the defendant's objections, of the witness John Glenn, as is shown by bill of exceptions." It appears from the bill of exceptions that, on the trial of

the cause, John Glenn, a witness for the State, testified that
"some time in December, 1877, J. H. Taylor came to my
house and asked me to buy some cattle, consisting of two-
year-old steers.   I told him that I would buy them if they
suited me.   He said that there was a friend of his, living
below Dublin, in Erath County, who had some cattle to sell
in order to pay a land-debt, and that if I wished to buy
them he would inform him, and they would bring the cattle
to me in eight or ten days.   I told him I would buy them
if they suited me."   To which testimony the appellant ob-
jected, upon the ground that such testimony was hearsay,
and because it did not appear that the "friend" referred
to by Taylor in his conversation with Glenn was this defend-
ant; which objection the court overruled, on the ground
that the testimony showed that this conversation with Glenn
took place about two or three weeks prior to the time
defendant and Taylor delivered the cattle, and showed there
was a conspiracy between the parties, and that they were
acting together in the commission of the offence, and that
these declarations of Taylor in pursuance of the common
design were, therefore, competent testimony.

In this ruling of the court we think there was no error.
This is another branch of the two cases of *J. H. Taylor* v.
*The State of Texas*, decided at the present term of this
court.   The evidence also discloses the further fact that,
when Taylor and the defendant returned with the cattle,
Taylor introduced defendant to Glenn as the owner of the
cattle, and that defendant sold the cattle to Glenn, with a
lot of other stolen animals, — twenty-two in all.   It not being
convenient for Glenn to pay for the cattle until the next
day, the defendant left early the next morning, going south,
saying he was anxious to get back.   He authorized Tay-
lor to make the bill of sale and receive the money for the
cattle.   Taylor, at the time, made his home at the house of
defendant.   The evidence further shows that defendant had

no cattle of his own. At the time he sold the cattle to Glenn he said that he had raised a portion of them, and traded for some of them. Before Glenn paid for the cattle, the owners of the same, who were hunting them, arrived, claimed, and took possession of the cattle.

No principle is better settled than that the declarations of one man can be given in evidence against another, when it is proved that they were engaged in a common enterprise, and that the declarations were made before the act is complete.

"When a conspiracy is shown (which is usually inductively from circumstances), then the declarations of one conspirator in furtherance of the common design, as long as the conspiracy continues, are admissible against his associates, though made in the absence of the latter. The least degree of concert or collusion between the parties to an illegal transaction makes the act of one the act of all." 2 Whart. on Ev., sec. 1205 ; see also notes 1, 2.

The only remaining assignment of error is that the court erred in overruling the defendant's motion for a new trial, because the verdict of the jury was contrary to the evidence, in this : that the defendant was not identified. This assignment is not well taken. The jury were warranted by the evidence in believing that defendant is the same man who sold the cattle to Glenn. The defendant introduced two witnesses for the purpose of proving an *alibi*. The jury believed the witnesses for the State, in preference to those of the defendant. In this we cannot say they committed an error.

We are of opinion that there is nothing in the entire record which would authorize us to reverse the judgment. The judgment of the District Court is therefore affirmed.

*Affirmed.*