THE STATE v. JOHN ROBERTSON.

1—Burglary, as defined in our Penal Code, may be committed by methods which were not known to the common law.

2—See the opinion of the court in this case for a discussion of the several statutory provisions of the Code respecting the crime of burglary.

3—It is burglary under the Penal Code of this State to enter a house in the day time, by breaking, with intent to commit a felony.

4—The word "breaking," used in the statute, implies actual force, but not such force as would necessarily amount to violence.

5—In all cases the entry must be with a felonious intent; which intent is manifested after the entry by the attempted or actual commission of some specific felony, and which ought to be alleged in the indictment, according to the facts of the case.

6—See this case for an indictment which, though inartistically drawn, is held to be sufficient in a prosecution for simple burglary, by entering a house in day time, by breaking, with intent to commit a felony.

APPEAL from Smith.

The indictment charged that "John Robertson, late of the county of Smith, on the twenty-ninth day of March, in the

year of our Lord one thousand eight hundred and sixty-eight, in the said county of Smith, with force and arms did feloniously break and enter the dwelling house of Frank Robertson, the said Frank Robertson then and there occupying and living in said house as a dwelling house. The said John Robertson did enter the said dwelling house of the said Frank Robertson with intent to fraudulently take and carry away a gun, of the value of five dollars, two pairs of shoes, of the value of three dollars, one underskirt, of the value of seventy-five cents, the corporeal personal property of the said Frank Robertson, without his consent, and with intent to deprive the owner of the value of the same, and against the peace and dignity of the State."

To this indictment the defendant excepted; first, that no offense was charged; second, the offense was not charged to have been burglariously committed; third, it was not charged to have been committed by force, threats or fraud ; fourth, nor that the defendant unlawfully entered the house at night, or during the day and remained there until night, with intent to commit a felony; and, fifthly, it was not charged that the entrance was made for the purpose of committing a felony.

These exceptions being sustained, the State appealed.

*E. B. Turner*, Attorney General, for the State.

This appeal is taken by the State from a judgment of the court quashing the indictment.

The indictment is inartificially drawn, but is framed to cover the burglarious entry of a dwelling house with intent to commit theft (and consequently a felony), as theft from a house is felony. (See Paschal, Art. 2408.)

It is objected that the indictment is insufficient in not stating, first, that the entry was burglariously made. The word burglary is a term of *art*, and is no longer necessary to the validity of the indictment. This view is fully sustained by the case of Calvin v. The State, 25 Tex., 791.

This was a case of felony, and Judge Bell, with the concur-

rence of the entire court, held the word "felonious" not indispensable in a capital felony.

What is burglary? It is entering a house by *force*, threats, or fraud, at night, or by entering in the like manner by day, and remaining concealed until night, with intent in either case to commit a felony. (Paschal, Art. 2359.)

He is guilty of burglary who, with intent to commit a felony by breaking, enters a house in the day time. This would read better if it said: He is guilty of burglary who enters a house by breaking, in the day time, intending to commit a felony. The several succeeding articles define what shall be a sufficient breaking.

The terms breaking and by force are used in the statute as synonymous terms. That breaking in Art. 2360 means the same as by force in Art. 2359, see Art. 2363.

It is thus evident that to say that a party, with *force* and arms, did break and enter a dwelling house, is a full description of the offense; and if this be a substantial description of the offense, the indictment will be sustained, although not in the words of the statute. (See State v. Moreland, 27 Tex., 726.)

If the entry mentioned in the law be made in the night, with intent, etc., or if made in the day time with the like intent, this is clear from the two Arts., 2359 and 2360; so that it follows that the indictment charges the offense, whether the entry was effected by day or night, and therefore the indictment should have been sustained.

There is no different punishment for burglarious entering by day or night; but if any other felony be committed, it increases the punishment therefor according to circumstances.

The whole of chapter 4 of the Penal Code must be consulted. Art. 2372 uses the word "breaking" in speaking of burglary, and omits the words "by force."

The indictment is drawn with about the same perspicuity as the law itself.

No brief for the appellee.

XXXII—10.

Lindsay, J.—We think the indictment in this case, though most inartistically drawn, was sufficient, under our Criminal Code, to have put the defendant upon his trial. Burglary, as therein defined, may be committed by methods unknown to the common law, and is subject to degrees of punishment as varying as those methods of commission. First, it is defined to be " entering a house by force, threats, or fraud, at night; or in like manner, by entering a house during the day, and remaining concealed therein until night, with the intent, in. either case, of committing a felony." Second, " he is guilty of burglary who, with intent to commit a felony by *breaking*, enters a house in the day time." These definitions are certainly deficient in that precision and perspicuity of language which usually characterizes the definition of offenses in the Code. But we may gather from them, that either an entry in a house by force, fraud or threats, in the night, with a felonious intent; or such entry in the day, and concealment therein until night, with a felonious intent; or the entry in a house by *breaking*, in the day time, with such felonious intent—are alike denominated burglary by the Code. If the house so entered be any building, or structure, for public or private use, and not a dwelling house, each of these methods is the same species of burglary, and is obnoxious to the same penalty. But if a dwelling house be entered by either of these methods, the penalty is augmented, and is made a higher grade of the same offense. If the entry into any of these houses shall be by such force as would be, in common parlance, violence opposed to any person, or to any part of the house, the penalty may be double that of the burglarious entry of a mere house, or a dwelling house, as the case may be. The mere charge of an entry, *by breaking*, does not constitute that violence contemplated by the statute in the duplication of the penalty. The word *breaking*, used in the statute, and charged in an indictment, implies actual force, it is true; but it does not contemplate such force as would be denominated violence. The different articles of the chapter of the Code upon the subject of burglary, can not

be harmonized without this construction of its provisions. The illustrations of the term "breaking," in the statute itself, are "the lifting of a latch," "the raising of a window," "the entry at a chimney," "the introduction of a hand or instrument," etc., evincing conclusively that it is used contradistinctive from force by violence. It must have been intended in this definition that, although some force is a necessary element in the constitution of the offense of burglary, yet the burglary committed by *breaking* is only such force as is sufficient to effect a *clandestine* entry. It is not such force as would excite alarm and provoke opposition, in which the penalty may be duplicated; because, in such cases of violence it hazards the commission of other offenses, and ought to be more severely punished. This is the only mode of construction which can make the chapter on burglary consistent with itself, and capable of any intelligent enforcement of its several provisions. In all cases the entry must be with a felonious intent, which felonious intent is manifested after the entry by the actual attempt, or commission of some specific felony, and which ought to be alleged, according to the facts of each case.

This indictment, though very inartificially drawn, nevertheless contains all the ingredients which combine to constitute burglary. Not so plead, however, as to make the accused amenable for the higher grades of burglary, but simple burglary in entering *by breaking* into a dwelling house, or any house, building, or structure, for public or private use, with a felonious intent, in the day time. The statute has given the word "breaking" in this connection a technical signification. Hence, under the second definition of burglary in the Code, Art. 2360, Paschal's Digest, it is only necessary to charge the *breaking* and entering any of the enumerated houses in the statute, with a felonious intent, with a statement of the character of the felony intended, to imply such breaking, was in the daytime; because such conclusion is involved necessarily in this definition of burglary. The penalty being the same for every form of this species of burglary, whatever the char-

acter of the house which is invaded, the proof of the time and circumstances of the commission may be properly introduced under the general charge of the commission of this new species of burglary.

This indictment charges, in substance, that the accused " did break and enter" a " dwelling house" " with the fraudulent intent to take and carry away" certain specified " corporeal personal property" belonging to a designated person, of a certain value, without the consent of the owner, and with purpose to deprive him of it. This sets forth the nature of the burglary and the felony intended, and the charge embraces all the elements of the crime of burglary according to one of its definitions in the Criminal Code. The indictment was improperly quashed. The judgment is therefore reversed and remanded.

Reversed and remanded.