(No. 2208.)

JIM JONES *v.* THE STATE.

1. FALSE PACKING—CHARGE OF THE COURT.—Upon a trial for packing sand and dirt in a bale of cotton with intent to defraud, as that offense is defined by Article 470 of the Penal Code, wherein the evidence showed that the sand was put into the cotton while it was in the seed, and before it was ginned or baled, the trial court instructed the jury as follows: "It matters not at what time the sand or dirt was put into the cotton, provided it was done by the defendant, and so done for the purpose and with the intent to defraud, and in a manner calculated to accomplish such purpose at the time." *Held*, that while this charge is correct in the abstract, it is erroneous as a charge upon the weight of evidence, and, having been excepted to when given, it is cause for reversal without inquiry as to its probable effect upon the jury.

2. SAME.—THE CHARGE OF THE COURT should be limited to the law of the case as made by the indictment and the evidence.   In this case the charge of the court recited Article 470 of the Penal Code in its entirety. That article defines two separate and distinct offenses, with but one of which the defendant is charged in the indictment, or inculpated by the evidence; wherefore the charge was erroneous.

3. SAME.—Trial courts are specially empowered to modify requested instructions before giving them to the jury.

APPEAL from the County Court of Freestone. Tried below before the Hon. O. C. Kirven, County Judge.

The conviction in this case was for false packing by putting sand and dirt in a bale of cotton for the purpose of defrauding, and the penalty imposed was a fine of fifteen dollars.

The single witness for the State testified that he ran a certain gin in Freestone county. On or about November 1, 1884, defendant brought a bale of unginned cotton to the gin, and dumped it into a stall. He then went out and got a quantity of sand, and, in the presence of witness and others, threw it into the cotton. Witness did not think it his business to object, and did not do so. He ginned that cotton several days later and took his toll. The process of ginning would distribute the sand throughout the cotton and make it heavier. It would throw out much of the sand, but witness could not say what proportion. Sand would always afterwards show in the cotton, and a sample from the outside would show it as readily as a sample from the centre of the bale.

The single witness for the defense testified that defendant was his tenant. Witness sold the bale of cotton mentioned in the indictment to Pearlstone, a merchant in Buffalo. He sold it to Pearlstone as dirty cotton, and distinctly told Pearlstone that it was as dirty as the d—l. Pearlstone said that a man was at liberty to make all off him in a trade that he could, and he would not give a farthing more for clean than he would for dirty cotton. Defendant was indebted to Pearlstone for supplies, and witness was his security. As such he took his cotton and sold it to Pearlstone. Pearlstone furnished all of witness's tenants with supplies. Witness stood good to Pearlstone for his tenants, and took his tenants' cotton and sold it to Pearlstone on those advances. Pearlstone inspected this bale of cotton, sampled it several times, and bought and paid for it as dirty cotton. Defendant told witness he had sanded the cotton. He said that Pearlstone charged him three prices for supplies, and he did not think it wrong to get even with him that far. Witness sold all of his dirty cotton to Pearlstone that year, but his clean cotton he sold to another party, because Pearlstone refused to give more for the clean than he paid for the dirty cotton.

The motion for new trial raised the question discussed in the opinion.

No brief for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. This conviction is under Article 470 of the Penal Code. It is charged in the indictment that the defendant, with intent to defraud, put into a bale containing cotton, a commodity usually sold by weight, sand and dirt, mixed with the said cotton, the same being an article of less value than the said cotton with which the said bale was apparently packed. It is shown very conclusively by the evidence that the defendant did put sand into said cotton, but he did so while the cotton was in the seed, before it had been ginned; and it is also sufficiently shown by the evidence that in doing the act his intention was to increase the weight of the cotton and thereby defraud the purchaser of said cotton.

In his charge to the jury the trial judge, among other instructions, gave the following: "It matters not at what time the said sand or dirt was put into the cotton, provided it was done by the defendant, and so done for the purpose and with the intent to defraud, and in a manner calculated to accomplish such purpose at the time." We believe this to be a correct statement of the law. It is not necessary, to constitute the offense, that the defendant should have been present at the time of packing and baling the cotton, and at that very time should have put the sand into the bale. The sand was mingled with the cotton by him, and went into the bale by his act as effectually as if he had put it into the bale when the cotton was packed. By putting the sand into the seed cotton, he put it into the *bale* of cotton. Such we hold to be the meaning of the law.

But we are of the opinion that this paragraph of the charge is upon the weight of evidence. It assumes as a fact that the sand or dirt was put into the cotton. This was a primary and most material fact to be proved by the State. It was a fact to be found by the jury and not to be assumed by the court. "The charge must not comment upon the weight of evidence, or assume facts which it is the province of the jury to find, or lead the jury to infer what is the opinion of the judge upon the facts." (Stephenson v. The State, 4 Texas Ct. App., 591; Searcy v. The State, 2 Texas Ct. Ap., 440; Webb v. The State, 8 Texas Ct. App., 115.) This instruction was promptly and specifically excepted to, and the error is presented to us by bill of exception.

We must hold, therefore, that this error, whether in our judgment material or immaterial, must have the effect to set aside the conviction. (Code Crim. Proc., 685; Paulin v. The State, 21 Texas Ct. App., 436.)

There is still another error in the charge which is also presented by proper bill of exception. The charge copies the whole of Article 470 of the Penal Code, which article defines two separate and distinct offenses (Holden v. The State, 18 Texas Ct. App., 91), with but one of which offenses the defendant was charged. The charge of the court should have been limited to the *law of the case*—the case as made by the indictment and the evidence. (Tooney v. The State, 5 Texas Ct. App., 163; Steagald v. The State, ante, 464.)

It was not error for the court to modify the special charge requested by defendant before giving the same to the jury. This power is expressly conferred upon the trial judge and in this instance was exercised in the manner prescribed by the statute. (Code Crim. Proc., Art. 679.)

Because of the errors in the charge above mentioned the judgment is reversed and the cause is remanded.

*Reversed and remanded.*