## S. KELLOGG v. THE STATE.

### No. 353. Decided January 26, 1910.

**1.—Illegal Practice of Medicine—Residence—Charge of Court—Weight of Evidence.**

Where upon trial for the illegal practice of medicine, the question of defendant's residence was not clearly placed beyond doubt, the court erred in advising the jury in writing that the uncontradicted testimony in the case showed defendant's residence in the county of the prosecution. Following Webb v. State, 8 Texas Crim. App., 115, and other cases.

**2.—Same—Opinion of Judge—Weight of Evidence.**

It is improper for a judge in charging the jury in a criminal case to assume that any fact at issue had been proved against the defendant, however strong the evidence may be. Following Kirk v. State, 35 Texas Crim. Rep., 224.

Appeal from the County Court of Bell. Tried below before the Hon. W. S. Shipp.

Appeal from a conviction of illegally practicing medicine; penalty, a fine of $30 and one day confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Most of the material questions raised on this appeal have been decided adversely to appellant in the cases of Ex parte Collins, 121 S. W. Rep., 501, and Newman v. State, recently decided.

It appears from the evidence, in a general way, that appellant resided in Bell County, and was, in the legal sense of that term, a resident of such county, though the evidence of some of the witnesses leaves this fact in doubt. Among others, T. M. Harris, testified as follows: "I saw him in Killeen frequently and he was staying there while he gave me the treatments. He had formerly lived over in Coryell County, and my impression is that his family was staying there, and that he had moved his family to Killeen since last spring. He had been boarding in Killeen at Mr. Sprott's for over a year, and kept his office at his house." Another witness, W. A. Stafford, testified, as follows: "The defendant had an office at the residence of Mr. H. L. Sprotts in Killeen, Bell County, Texas, at the time he gave me the treatment and he has been living there in Killeen for about one year." In this connection it should be stated that appellant was charged with practicing medicine without license during May of 1909. Another witness, Dr. Wood, testified that he had known appellent since before the 17th day of May, 1909, and that he had been living in Bell County for about two years.

It is made to appear by bill of exceptions that after the case had been closed, and after the jury had received the charge of the court, and had retired from the court room, and had considered of their verdict for some time, they came in open court, and presented to the court the following question in writing, to wit: "Judge W. S. Shipp, we would ask the law for an opinion on what it takes to constitute a resident of a county. J. E. Sparks, Foreman." To which question the court made answer in writing, and delivered the same to the jury, as follows: "The uncontradicted testimony in this case is that the defendant in this case was and is a citizen of Bell County, Texas." To which action of the court appellant then and there excepted on the ground that said instruction was on the weight of the evidence. It has been quite uniformly held that it is improper for a judge in charging the jury in a criminal case to assume that any fact has been proved against the defendant however strong the evidence may be. Webb v. State, 8 Texas Crim. App., 115; Baker v. State, 6 Texas Crim. App., 344. It is said that it is the object of our Code, gathered from every

provision relating to that subject, to prohibit the judge from expressing any opinion as to the weight of the testimony or the credibility of the witnesses. Kirk v. State, 35 Texas Crim. Rep., 224. The jury are the exclusive judges of the weight of evidence, except when it is provided by law that a certain weight or effect is to be attached to a certain species of evidence; and a judge in framing his charge to a jury should not undertake to advise them or instruct them upon the weight or effect of the evidence. If in any case it were proper to instruct the jury that any issuable fact was shown by the uncontradicted evidence, we think in this case where the matter was not placed clearly beyond doubt, that it must be held erroneous and reversible.

We deem it unnecessary to discuss the many other questions raised in the case since most of them are fully covered by the recent cases above cited.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*