## C. I. CANNON V. THE STATE.

No. 5073.   Decided February 5, 1919.

**1.—Theft of Cattle—Possession of Recently Stolen Property—Charge of Court.**

Where, upon trial of theft of cattle, the question of possession of property recently stolen and the consequent explanation thereof was not in the case, but the question was, whether the property was that of the defendant or belonged to the party from whom it was alleged to have been stolen, it was reversible error to submit a charge on the issue of possession of said property and explanation thereon. Prendergast, Judge, dissenting.

**2.—Same—Evidence—Intent—Other Offenses.**

Where, upon trial of theft of cattle, the court admitted evidence of another animal found at the same time as the one in question, and with a brand claimed by the State to have been altered, on the question of intent, there was no reversible error. Davidson, Presiding Judge, dissenting.

**3.—Same—Rule Stated—Charge of Court.**

It is always error for the court to charge upon an issue adverse to the defendant when that issue is not raised by the evidence, and this whether the assuming of the issue is of reasonable account of the possession of property recently stolen, or any other adverse proposition. Following Smith v. State, 44 Texas Crim. Rep., 81, and other cases.

**4.—Same—Possession of Recently Stolen Property—Rule Stated.**

The possession must be recent after the theft, and where in the instant case this was not shown by the evidence a charge on this subject is error.

**5.—Same—Charge of Court—Bill of Exceptions.**

Where the objections to the charge of court on possession of property recently stolen was sufficient, the same will be reviewed on appeal.

Appeal from the District Court of Knox.   Tried below before the Hon. J. H. Milam.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Cunningham,* for appellant.—On question of other offenses: Gilbrith v. State, 41 Texas, 567; Gray v. State, 77 Texas Crim. Rep., 221, 178 S. W. Rep., 337.

*E. B. Hendricks,* Assistant Attorney General, *Moses & Rowe, J. H. Burney,* and *Martin & McDonald,* for the State.—On question of other offenses:   Kelley v. State, 31 Texas Crim. Rep., 211; Barnett v. State, 44 id., 592; Willingham v. State, 26 S. W. Rep., 834; Thompson v. State, 57 id., 805; Glover v. State, 76 id., 465; Watters v. State, 94 id., 1038; Hardgraves v. State, 61 Texas Crim. Rep., 325, 135 S. W. Rep., 132; Longoria v. State, 80 Texas Crim. Rep., 121, 188 S. W. Rep., 987.

DAVIDSON, PRESIDING JUDGE.—The indictment charged appellant

with the theft of a cow in one count, and in the second for altering the brand on the cow.

At the opening of the case the State elected to try for what is known in the record as the older cow, the facts developing there was a younger cow upon which the brand had also been altered. This, of course, designated the case and the animal upon which the trial should be predicated. The State's theory was that the cow belonged to the Matador Land and Cattle Co., which was under the supervision and control of Jackson, who was the alleged owner. Suffice it to say, with reference to the theory of the case, that the State relied upon the fact that the animal in question was the property of the Matador Land and Cattle Co., and that the brand had been altered on the cow so as to change the original brand to what was contended by the State was found on her at the time she was discovered in appellant's pasture. The theory of the defendant was, supported by his testimony, that he raised the cow; that she was his property, and that the cow never belonged to the Matador Land and Cattle Co. He claimed at the time the cattle were found in his pasture, when the officers and others were there, and during a conversation between himself and Robertson with reference to the matter, that the cow was his. The record shows Robertson testified: "I was walking along close to Cannon, Conner, and Ed Lisenby; we were coming along there, and there were two cows, an older cow and a heifer kept shying away from us, off to the left. They were west of us. I asked Cannon if these were his; he said, 'Yes, all I see here in sight are mine.' I said, 'That old cow, that heifer going off to the left, are those your cattle?' He says, 'That is not an old cow, they are both heifers, they are both mine, I raised them both.'" The cattle were then put in a pen and examined, and under the State's theory and testimony the brand showed to have been changed from the original brand to what was on them. Appellant claimed it was the original brand, and that he put the brand on originally, and there was never any other brand on the animals except what he placed on them, and it was his brand. This is a sufficient statement out of this voluminous record of the facts, we think, to bring in review the issues necessary to be discussed.

The court charged the jury with reference to the possession of property recently stolen, and explanation given by appellant. The charge as given is practically that set out in Wheeler v. State, 34 Texas Crim. Rep., 350, which charge has been approved by this court as being sufficient when that issue is in the case. The objections urged to this charge were properly taken and verified. We are of opinion this charge should not have been given. The question of possession of recently stolen property and the consequent explanation is not in this case. The question here was directly at issue, whether it was the property of defendant or the property of the Matador Land and Cattle Co. He claimed it direct; such was his statement at the time when found in possession of it, and to sustain which he introduced evidence. So this case presents the issue, not of any explanation but of the right and title to the prop-

erty. If it was his there could have been no theft. If it was not his and belonged to the Matador Land and Cattle Co., then the case was one of theft, or fraudulent altering of the brand. Mr. Branch in his Ann. P. C., on p. 1335, collates a great number of cases. The condensed statement of that author is as follows: "It is error to charge on the subject of reasonable explanation when defendant made no explanation of his possession, or when challenged as to the property he stated that he knew nothing about it or claimed it as his own." The authorities are collated by Mr. Branch, and can be found without burdening this opinion with listing them. The issue in the case, so far as the animal was concerned, on this phase of it, was that it was defendant's or it was the property of the Matador Land and Cattle Co. Appellant was entitled to a charge directly submitting the issue of his ownership and title to the property, unencumbered with the charge on explanation, and if believed by the jury to be true, or there was a reasonable doubt about it, they should acquit. The charge as given was an assumption of fact adverse to defendant. It is based upon the theory, first, that the property was stolen by someone, either by defendant himself, or by someone else from whom he received it. Appellant was denying this absolutely, and asserted ownership. The court was assuming against appellant that the property had been stolen and he had given an explanation of his possession when he had denied the theft, claimed ownership and had given no explanation of his possession. It is never correct to assume a fact adversely to appellant in charging the law of the case. The court was in error in giving the charge.

There is another proposition which we think is well taken. The court admitted evidence of another animal found at the same time as the one in question, and with the brand claimed by the State to have been altered. Objection was urged to the introduction of this testimony, and also to the charge of the court limiting the effect of such testimony to *the intent* of the defendant. We are of opinion that this evidence should not have been admitted. The intent was not an issue in the case from the viewpoint of the evidence. If appellant took the animal which was found in his possession and changed the brand on it, there could be no question as to his intent. If it was his there could be no question of intent, because it was his property. The intent in taking it was clearly fraudulent if it belonged to another party. If it was his there could be no fraudulent intent, and there was nothing to aid by the introduction of the evidence as to the other animal. He claimed to have put the original brand upon both animals and did not change the brand of the Matador Land and Cattle Co. They were both taken by the same right, under the same view, and by the same authority, that is ownership. If he was not the owner, the intent in taking the animals and changing the brand on them was clear and did not authorize evidence of extraneous crime to be introduced to show intent. The court in his charge instructed the jury that they could only consider this extraneous matter as bearing upon the intent of the defendant. We be-

lieve this was error. The taking and altering the brand on the second cow, if appellant did it, could not show any fraudulent intent on his part in taking the other, because if he took the other under the circumstances claimed by the State, there was no question of intent and nothing to elucidate and no additional testimony was required or authorized. If it was his property there could be no fraudulent intent.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

MORROW, JUDGE.—I think the evidence showing possession of another animal with brand changed, under the circumstances developed, was admissible. The charge on explanation of possession of property recently stolen seems to have been uncalled for. See Dobbs v. State, 57 Texas Crim. Rep., 55, and other cases mentioned in the opinion of the Presiding Judge. On this ground I concur in the reversal of the case.

PRENDERGAST, JUDGE (dissenting).—It is clear to me that the testimony as to the change of the brand on the other cow or heifer was admissible. I agree with Judge Morrow on that question.

I do not agree with my associates on the other question. The case cited by Judge Morrow is clearly not in point as a reading of the opinion therein will demonstrate. In that case it was expressly stated the defendant therein at no time made any explanation of his possession. In this case the reverse is true. The defendant herein when first found in possession of the two head of cattle claimed and explained he raised them, and the brands had not been changed, and that they were his property. The court in the charge held error did not assume either directly or indirectly that the cattle, or cow, was stolen but left that issue to be found by the jury, and required they should so believe— did not in any way take that question from the jury. The charge was proper and should have been given. In an entirely separate paragraph the court expressly told the jury that if they believed from the evidence appellant raised said cattle, or was the owner of it, or if they had a reasonable doubt thereof to acquit him. The charge was in every way proper and guarded appellant's rights.

This case should be affirmed. I dissent from its reversal.

### ON REHEARING.

#### February 5, 1919.

DAVIDSON, PRESIDING JUDGE.—The motion for a rehearing by the State cites many cases to the effect that it is error to charge on reasonable account of recently stolen property when that is not an issue in the case. This was one of the basic reasons why this judgment was reversed. It is always error, as we understand the decisions and the law,

for the court to charge upon an issue adverse to the defendant when that issue is not made by the facts, whether this be assuming the issue of reasonable account, or any other adverse proposition, when the facts do not suggest or raise such issue. Authorities would not be necessary to sustain that proposition.

The question here was that appellant did not give an account of his possession of recently stolen property. In order to authorize a charge on that question it must be shown that the property was stolen, and recently thereafter appellant was found in possession and gave an account of that possession which, if the jury should believe, disconnected him with the original taking and showed that his possession was not fraudulent. That question does not arise when the issue is title vel non to the property. See Smith v. State, 44 Texas Crim. Rep., 81; Roy v. State, 34 Texas Crim. Rep., 301. So far as that question is concerned, the writer has reviewed the former opinion and the record, and is more firmly convinced of the fact that recent possession of stolen property was not an issue in the case, but it was one of title, and which was severely contested with strong evidence in favor of defendant that the cattle were his and not that of Jackson, from whom he is alleged to have stolen. The issue of possession of recently stolen property is predicated always upon the fact that the property was stolen by someone, and the accused was recently thereafter found in possession of it. The theory of it is that the property was stolen. The basic issue before the jury was that this was the property of defendant and not that of Jackson. The State contended it was Jackson's property and appellant had stolen it. Appellant claimed it was his property, and never had belonged to Jackson, or the company which Jackson represented.

There is another exception in the charge which was not so specifically noticed in the former opinion, and that is that the issue of possession of recently stolen property was not made by the facts. Exception was reserved to the charge for not informing the jury that that issue was not in the case, and also for that reason in giving the charge of which complaint is made. Jackson and the State's witnesses had never seen the cattle so far as they could recall, and the only claim set up was the fact that in their judgment the brand on the cattle had been some time in the past altered from the brand belonging to the Matador Land and Cattle Co. The State claimed an alteration of the brand and introduced testimony in support of that proposition, but when that was done, how remote, is not shown, except that it had been quite a while prior to the time they found appellant in possession of the property, if it in fact had been changed. The claim is made also in this connection that the issue of recent possession was not made by the facts. All the authorities hold that possession must be recent after the cattle's disappearance. This was not shown to be recent.

It is contended further that the exception to the charge was not sufficient to require this court to notice the question of ownership; that an exception was not thereto specifically reserved to the charge. The

writer is of opinion that the charge is sufficient to present that question. The second exception to the court's charge is that the court was in error in charging the law with reference to recent possession of stolen property, for the reason that the proof in this case does not raise the issue of recent possession, there being no proof that defendant's possession was recent of the cattle if stolen. Appellant further excepted to the charge because the proof showed that defendant's possession of the alleged stolen animal was not recent, and the court instead of giving the law embodied in paragraph 7 (which was the charge on recent possession), should have charged the jury that possession of stolen property was not sufficient to authorize a conviction and that if they found the State relied alone on possession, and that defendant's possession was not recent after they were stolen, to acquit. The fourth ground of the exception to the charge is as follows: That the court erred in its charge because there is no proof in this case by J. M. Jackson, or any other person, that the witness Jackson or the Matador Land and Cattle Co. ever had possession of the animal in question, or that she was ever stolen from them, and defendant says that the evidence raises the issue as to the sufficiency of the proof to establish the corpus delicti, and the court's charge fails to submit said issue to the jury which should be done. We are of opinion these exceptions were sufficient to present the issue discussed in the opinion.

Taking the record as it is, the charge as given, and the facts introduced, we are of opinion these exceptions are sufficient to require this court to review and decide them.

The motion for rehearing will be overruled.

*Overruled.*