## Albert Zeff v. The State.

No. 8525. Delivered May 20, 1925.

Rehearing denied State June 17, 1925.

1.—Receiving and Concealing—Indictment—Name of Owner—Must be Alleged.

Where an indictment for receiving and concealing stolen property, alleges the name of the owner as one Grubb, whose first name is to the grand juror's unknown, the state was required to show that the first name of the owner could not be ascertained by the grand jury by the use of ordinary diligence.

2.—Same—Charge of Court—Must be Submitted.

Not only is the above rule well settled, but it is also true in such cases, that the court should affirmatively submit the issue when raised, as to whether or not the grand jury used diligence to procure the initials or name of the alleged injured party to the jury for their determination. For the refusal of the court to submit this issue, the cause must be reversed.

Appeal from the District Court of Wichita County. Tried below before the Hon. P. A. Martin, Judge.

Appeal from a conviction of receiving and concealing stolen property; penalty, four years in the penitentiary.

The opinion states the case.

*Mathis & Caldwell,* for appellant.

*Wayne Somerville,* County Attorney, *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—Appellant was convicted in the district court of Wichita County for the offense of receiving and concealing stolen property and his punishment assessed at confinement in the penitentiary for a term of four years.

The indictment charges that the property was taken from the possession of one Grubb, whose first name is to the grand jurors unknown; and bill of exception number two shows appellant requested the court to submit to the jury the proposition that unless the grand jury used reasonable diligence to ascertain the first name of the person from whom the property was stolen they must acquit the defendant. This question was nowhere presented by the court in his main charge to the jury, or by any special instructions given.

The first forty pages of the Statement of Facts is devoted almost exclusively to the testimony of various witnesses concerning the amount of diligence used by the State in attempting to ascertain

the initials of the alleged party, but we cannot agree with the State's contention that this testimony is all one way and that it shows beyond dispute that the grand jury did use reasonable diligence to procure this information. We do not decide or discuss the question as to whether or not it would have been proper for the court to have submitted this issue to the jury had there been no dispute in the testimony. It is not necessary to decide that question in this case, as we find from a careful perusal of the statement of facts that reasonable minds could have easily differed as to whether the grand jury used a reasonable amount of diligence in attempting to ascertain this fact. While it is true that all the witnesses called on this question were called by the State, still it is also true that the testimony of these witnesses indicates that the alleged injured party was a citizen of Wichita County at the time the grand jury was in session, had lived in the county several months, and was known to quite a few people in the county and was known to one of the officers of the county, and that this officer had received a check from him and had ascertained from him his initials on an occasion prior to the time the indictment was returned, and it is further disclosed by the record that the bill of indictment was returned on the 21st of November, 1923, and that only one subpoena for said alleged injured party was issued, and that this subpoena was issued in October, and the record fails to disclose that it was ever returned into court or that any additional process was obtained for this witness. It is further shown by the testimony that this alleged injured party was subpoenaed in October to appear before the grand jury and that at the time the subpoena was served, the officer serving it wrote Grubb's initials on the subpoena and brought Grubb to the courthouse tho he made no return on the subpoena and that after that Grubb did not hide out but was at home practically every night thereafter and that his wife was at home every night, but that he was not further requested to appear before the grand jury.

Of course, no attempt is made to make a full statement of the forty pages of testimony concerning this matter, but the above will indicate that there was at least a question of fact as to whether reasonable diligence was used in attempting to ascertain the initials of this party.

It is fundamental in this State that all questions of fact must be submitted to the jury. It is beyond the province of the court in the trial of a criminal case to pass on a disputed issue of fact, proof of which is essential to establish the guilt of the party on trial. It is well settled also that an indictment for receiving and concealing stolen property must allege the name of the owner of the stolen property, and if such owner's name cannot be ascertained then such fact must be stated and proved. Perkins v. State, 45 Texas Crim. App. 10. Zweig v. State, 171 S. W. 747.

100 Tex. Crim.—29.

It has also been held in this State than when an indictment alleges the name of the owner is unknown, and on the trial the evidence shows the name of the owner, the State is required to go further and show that the grand jury did not know the name of the owner and could not by reasonable diligence have obtained that information. Valentine v. State, 6 Texas Crim. Apps. 443; Trinkle v. State, 225 S. W. 754. In this connection, it is proper to state that the alleged injured party appeared on the trial of this case and it was disclosed by the record that his name is E. M. Grubb.

The State recognized the rules above stated, and attempted to discharge the burden of showing that the grand jury did not know the name of the owner of the alleged stolen property at the time the bill was returned and we are not prepared to say as a matter of law that the testimony by the State was insufficient for that purpose, but this does not reach the question presented. It remains that the court refused, although properly requested to do so, to submit this question as an issue of fact to the jury for their determination and under all the authorities in this State, the jury is the exclusive judge of the facts proved and of the credibility of the witnesses, and in a case of this character where the vital question arises from the evidence as to whether or not the grand jury used diligence to procure the initials of the alleged injured party, it would be a violation of one of the fundamental principles that has been upheld in this State since we have had a court to say that the court should pass on this fact himself and refuse to submit it by proper instructions to the jury for their determination.

There are many other errors assigned in this record, but these will not be discussed because they will probably not occur in the same form on another trial of the case.

For the error of the court in refusing to submit the question of diligence by the grand jury in ascertaining the initials of the alleged injured party to the jury, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BERRY, Judge.—The State through the County Attorney of Wichita County has filed a very lengthy motion for a rehearing in this case. This motion begins with the admission that there is a well established line of decisions holding that the grand jury must allege the name of the person from whom the property was stolen if his name be known or if by the use of reasonable diligence same

could have been ascertained, and when the diligence of the grand jury is made an issue, that same should be submitted to the jury.

That was the exact question decided in this case and in our opinion the case is not to be distinguished either in principle or in fact from the cases holding the above. We think it unnecessary to write at length on the motion for rehearing for the reason that we are satisfied that the question discussed was properly disposed of in the original opinion.

The State's motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.