JOHN SUPINA V. THE STATE.

No. 13264.   Delivered April 16, 1930.

Reported in 27 S. W. (2d) 198.

The opinion states the case.

*Arrington & Johnson* of Mineral Wells, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction is for sale of intoxicating liquor; punishment, one year in the penitentiary.

The defense in this case was that of alibi. The appellant's wife and his brother testified that he was not present at the time of the alleged sale.

From the charge of the court we make the following quotation:

"Now, if the evidence raises in your mind a reasonable doubt as to the presence of the defendant at the place where the offense was committed, at the time of the commission thereof, you will find the defendant not guilty."

This was excepted to upon the ground that it assumed as a fact and substantially told the jury that the offense was committed. We are constrained to believe the objection well founded. The State's Attorney with this court cites Pink v. State, 48 S. W. 171; McLeroy v. State, 263 S. W. 309; Briscoe v. State, 292 S. W. 893. The cases cited are not in point. If the court had told the jury that if they had a reasonable doubt as to the presence of the appellant at the place where the offense "if any" was committed or had referred to an alleged offense, this might have put the matter in a different light. The language used by the court, however, appears to very plainly intimate to the jury that the offense was committed. We cannot say that this was not harmful to the accused. Care ought to be exercised in using words or language so as not to convey to the jury the court's opinion of the case.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*