S. L. STANLEY V. THE STATE.

No. 21604. Delivered May 28, 1941.
Rehearing Granted October 22, 1941.

The opinion states the case.

*Burch Downman* and *King C. Haynie,* both of Houston, (*E. A. Berry,* of Houston, for rehearing only), for appellant.

*Dan W. Jackson,* Criminal District Attorney, and *A. H. Krichamer* and *Ted R. Adams,* Assistant Criminal District Attorneys, all of Houston, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was indicted for keeping and exhibiting, for the purpose of gaming, a gaming device, to-wit: a marble machine, and was found guilty by the jury and assessed a penalty of two years in the penitentiary.

This is the second appeal of this case, the former being reported in 138 Tex. Cr. R. 486, 137 S. W. (2d) 34.

It was contended by the State that appellant and one F. E. Von Mockel entered into a conspiracy with one Permenter to place certain marble machines in different places in Houston, and that appellant would receive one-half of the proceeds therefrom and Permenter the remaining one-half after the necessary expenses of servicing these machines was taken out of the total earnings. That appellant, after an advertisement of Von Mockel had been answered by Permenter, had a telephone conversation over the phone with Permenter, and sold to Permenter a one-half interest in ten marble machines to be delivered, and placed in Houston, and that all of said machines were delivered, and one of the same was placed in the barber shop of Mr. Rutledge. That the State contended that appellant Stanley was the Automatic Amusement Co., and that such contract was reduced to writing and signed "Automatic Amusement Co., by F. E. Von Mockel," as well as by Permenter, and that such contract, which was introduced in evidence, showed that appellant and Permenter were equal owners of such marble machines, and shared equally in their earnings. That Mr. Stanley, soon after the signing of said contract, came to Houston, after receiving the sum of $300.00 from Permenter, and had a conference with Permenter, telling him how to run these machines, and what to do with appellant's proportion of the take therefrom, and from the contract introduced in evidence, and the conversations testified to, we are of the opinion that these ten marble machines were the property of appellant and Permenter, and that appellant recognized and ratified the acts of Von Mockel as appellant's acts, and owned a one-half interest in said machines at the time of the exhibition of the one in question.

Bill No. 3 relates to a conversation had between Permenter and Von Mockel in which was initiated this scheme to place these marble machines in places in the city of Houston.

It will be noticed that the man Von Mockel was jointly indicted with appellant in this matter, and it was shown by testimony introduced that they were acting together in this matter, and that Stanley acquiesced in and confirmed the acts of Von Mockel in his dealings with Permenter.

In 18 Tex. Jur., p. 208, it is said:

"The general rule is that the act or declaration of one conspirator done or given in pursuance of the common design is

admissible as original evidence against any or all of the conspirators, for it is deemed that whatever is said by one was done or said by all. This rule applies though the act or declaration occurred out of the presence or hearing of the conspirator on trial."

Again, idem, p. 211:

"It is not necessary that proof of the conspiracy shall precede evidence of the acts or declarations of the supposed co-conspirators; if the entire evidence shows a conspiracy it is immaterial whether the conspiracy was established before or after the introduction of such acts or declarations."

Mr. Wharton has long since said, as quoted in Hannon v. State, 5 Tex. Ct. App. 549:

"When a conspiracy is shown (which is usually inductively from circumstances), then the declarations of one conspirator in furtherance of the common design, as long as the conspiracy continues, are admissible against his associates, though made in the absence of the latter. The least degree of concert or collusion between the parties to an illegal transaction makes the act of one the act of all." 2 Whart. on Ev., sec. 1205; see also notes 1, 2.

It is also shown that appellant signed a telegram "Automatic Amusement Co., S. L. Stanley, General Mgr.," in which he acknowledged that Von Mockel was his special representative for the purpose of selling and locating mechanical machines, etc., which telegram was dated the day after the execution of the contract above referred to with Permenter.

The only further matter presented to us in the argument of this case appears in bill of exceptions No. 13, which was a remark made by the court when the State offered in evidence a certain machine supposed to be the one actually placed in the barber shop of Mr. Rutledge by Permenter and others. This matter was then objected to by appellant's attorneys on the ground that same was not the identical machine that was in Rutledge's place, at which time the court said: "That has already been proved, gentlemen," to which statement appellant objected and took exception thereto. Whereupon the court said: "Alright, that is my recollection," and also said: "Gentlemen, you will not consider the statement for any purpose whatsoever." The trial court then qualifies the bill by saying: "The remark complained

of in said bill was addressed to the lawyers in the case, and when complained of by counsel for the defense the court promptly instructed the jury not to consider the statement for any purpose whatsoever."

There was no controversy relative to the identity of this machine; it was proven either as the identical one left in Rutledge's shop, or one like it, and there was no contradiction of such fact. The witness Rutledge testified:

" * * * It has been over two years ago since this machine, or one similar to it, was in my place of business. It is not my testimony that this is the identical machine that was in my place. I say it is one similar to it."

Again on re-direct examination he said:
"The machine that was taken out of my place is this machine or one like it, that is correct. * * * After the machine was taken out, I didn't see it again until it was produced in court, and this is the machine."

The State then identified this machine by the witness Permenter as having been turned over to the grand jury, and again same was identified by the custodian for the grand jury as the machine turned over to him and produced in court. There was no controversy relative to the identity of the machine upon the part of the appellant, and we think the court was correct in this statement, although the same might be termed inopportune. The appellant asked no charge, and none was given, relative to the identity of the machine, and no attempt made to show any difference between the machine placed in Rutledge's shop and the one introduced in evidence. We are not impressed with the seriousness of such occurrence. In support of our holding herein we cite the case of Bevins v. State, 7 S. W. (2d) 532, and cases there cited.

We are further of the opinion that although appellant was not present in Houston at the time the contract was entered into by and between Permenter and Von Mockel, nevertheless we think that Von Mockel was then acting for appellant, and that he had authority from appellant thus to do; that after the contract had been entered into, Stanley, the appellant, ratified and confirmed such contract and carried out the same either in person or by his agents and thus actually himself became

a part of the conspiracy to exhibit these machines in Harris the time they were thus exhibited.

There are other bills of exception in the record, all of which we have considered, but do not write upon them for fear of unduly extending this opinion, and on account of the fact that we do not think an extended discussion thereof is called for by their contents. Suffice it to say that we do not think any of them reflect an error.

Believing the record free from error, the judgment is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant has filed a motion for rehearing in which he vigorously asserts that we erred in several respects in the original disposition of this case. His main contentions are as follows: (a) That we erred in not holding that the marble machine, the alleged gambling device, was a slot machine and came within the category of a lottery; (b) that we erred in not holding that the court, in his main charge, assumed that M. A. Rutledge was the agent of the appellant, which was a charge on the weight of the evidence; (c) because we erred in not holding that the trial court failed to properly instruct the jury upon the law of agency and to properly define the same; and (d) because the court failed to apply the law of principals to the facts and failed to charge the converse thereof.

Upon further consideration of the facts in the light of the appellant's motion, we have reached the conclusion that there is some merit in his contentions. In his original brief appellant touched on these subjects very lightly, stressing other points more vigorously, and that is why the questions now presented were not given that critical examination that we gave to others.

We shall take up each of these questions in the order in which they are presented.

We are not favorably impressed with the appellant's contention that the marble machine here involved fell within the category of a lottery. Hence we overrule that contention.

We have examined the charge most critically and believe that the appellant's contention that the court failed to properly

instruct the jury upon the law of agency and failed to define that term is supported by the record. It occurs to us that it was the duty of the court,—inasmuch as the question of agency was a question of fact for the jury to determine,—to have defined said term and by a proper charge have given the jury a guide by which to determine whether or not Rutledge, under all of the facts disclosed by the testimony, was within the purview of the law an agent of the appellant. Rutledge strenuously denied that he was an agent of appellant. We also observe that the court charged the abstract law of principals but failed to apply the law to the facts and failed to charge on the converse of principals. It is our opinion that there is some merit in his contention. In support of what we have said, we refer to page 346, Section 678, Branch's Ann. Tex. P. C., where many authorities upon the subject are collated.

On the former appeal of this case we held that the charge, which is identical with that in the instant case, assumed as a fact that Rutledge was the agent of the appellant and therefore was a charge upon the weight of the evidence. See Stanley v. State, 137 S. W. (2d) 34, and we still entertain the same opinion relative to the charge, and think the trial court should submit the matter of Rutledge's agency to the jury.

For the reasons herein stated the motion for rehearing is granted, the order of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.