BEN HAWLEY V. STATE.

No. 25,931. October 22, 1952.
Appellant's Motion for Rehearing and To Dismiss or Render Denied
(Without Written Opinion) December 10, 1952.

*William C. McDonald,* San Angelo, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for unlawfully selling whisky in a dry area, with punishment assessed at a fine of $1,000.

The information alleged a prior conviction in the following language, viz.:

"And the grand jurors do further present that prior to the commission of the aforesaid offense by the said Ben Hawley, to-wit, on the 23rd day of October, A. D. 1951, in the county court of Motley County, Texas, the said Ben Hawley was duly and

legally convicted in said last named court of an offense of like character as that hereinbefore charged against him in this cause, upon an information then legally pending in said last named court, and of which the said court had jurisdiction . . ."

Appellant moved to quash such count as being vague, indefinite, and uncertain. He also objected to the trial court's submitting the question of enhancement of punishment to the jury under the allegation.

The motion to quash should have been sustained. This court held in Waltrip v. State, 134 Tex. Cr. R. 202, 114 S. W. 2d 555, that an allegation in almost the exact language as that here employed was subject to the objection of indefiniteness.

The trial court charged the jury that Motley County was a dry area and that the sale of intoxicating liquor had been prohibited therein by a valid subsisting local option election. Appellant duly excepted to such charge as being, among other reasons, upon the weight of the evidence.

The charge was subject to the objection, because there was a direct dispute in the evidence as to whether the proof showed proper publication of the order putting local option into effect. Sweeten v. State, 135 Tex. Cr. R. 445, 120 S. W. 2d 1074.

The witness Cargile, to whom it was alleged appellant sold the pint of whisky, failed, in his testimony, to make a positive identification of the appellant as the person who sold him the whisky.

The appellant, in cross-examination, made no effort to impeach the witness, or to prove statements by him contradictory of his testimony.

In this condition of the testimony, the state, in the development of its case in chief, was permitted, over the objection of the appellant, to prove by the foremen of the grand jury that the witness Cargile testified before the grand jury during the investigation of the case that he did purchase the whisky.

This testimony was objected to as hearsay and an attempt to bolster the witness by contradictory statements.

The appellant did not testify as a witness, nor did he offer

any testimony contradictory to the testimony of the witness Cargile.

The testimony was subject to the objection urged. 18 Tex. Jur., p. 132, Sec. 64, and authorities there cited.

The argument of state's counsel complained of will not likely arise upon another trial and, for that reason, will not be discussed.

For the errors pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the court.