Alfred Don **RICHARDSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 37920.

Court of Criminal Appeals of Texas.

March 31, 1965.

Rehearing Denied June 9, 1965.

Teague & Carlisle, by Marvin O. Teague, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, W. Louis White and Joe C. Shaffer, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is robbery; the punishment, enhanced under Art. 63 P.C., life.

Conviction at a former trial was reversed. See Richardson v. State, Tex.Cr. App., 379 S.W.2d 913.

The state's evidence was to the effect that appellant entered the unopened relocated cafe of the complainant and by assault robbed the owner of two wallets or billfolds and two or three dollars in money.

Appellant, an ex-convict who was arrested the following day, testified and offered evidence to the effect that he was at another and different place and did not and could not have committed the offense.

In submitting appellant's defense of alibi the court charged the jury:

"Now, if the evidence raises in your minds a reasonable doubt as to the presence of the defendant at the place where the offense was committed at the time of the commission thereof, you will find him 'not guilty'."

Appellant's attack upon this instruction as constituting a comment by the court that the offense of robbery was committed is supported by Supina v. State, 115 Tex.Cr. R. 56, 27 S.W.2d 198, which he cites and relies upon, and which requires reversal.

The state does not contend and, under the record, we are in no position to hold that there was no issue as to whether or not the offense of robbery had been committed—as was the situation in Johns v. State, 129 Tex.Cr.R. 206, 86 S.W.2d 235.

The judgment is reversed and the cause remanded.