Harold B. TEW, Appellant,

v.

The STATE of Texas, Appellee.

No. 52845.

Court of Criminal Appeals of Texas.

May 18, 1977.

Rehearing Denied June 14, 1977.

Kenneth C. Lenoir, Killeen, for appellant.

Joe Carroll, Dist. Atty., and Al W. Schorre, Jr., Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for unlawful possession of a firearm by a felon. V.T.C.A., Penal Code, § 46.05. Punishment was assessed by the court at eight (8) years in the Department of Corrections following a verdict of guilty.

At the outset we are confronted with a *fundamentally defective indictment which* requires review "in the interest of justice." See Article 40.09, § 13, Vernon's Ann.C.C.P.

V.T.C.A., Penal Code, § 46.05, provides:

"(a) A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives.

"(b) An offense under this section is a felony of the third degree."

V.T.C.A., Penal Code, § 6.02, provides as follows:

"(a) Except as provided in Subsection (b) of this section, a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires.

"(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.

"(c) If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b) of this section, intent, knowledge, or recklessness suffices to establish criminal responsibility.

"(d) Culpable mental states are classified according to relative degrees, from highest to lowest, as follows:

"(1) intentional;

"(2) knowing;

"(3) reckless;

"(4) criminal negligence.

"(e) Proof of higher degree of culpability than that charged constitutes proof of the culpability charged."

■ It is clear from a reading of the definition of the offense in said § 46.05 that it does not itself prescribe a culpable mental state, but one is nevertheless required by said § 6.02, supra, unless the definition of the offense "plainly dispenses with any mental element." 3 Branch's Texas Anno. Penal Statutes, 3rd Ed., § 46.05, p. 598 (Explanatory Comment). The definition in said § 46.05, supra, does not plainly dispense with any mental element. See *Hazel v. State,* 534 S.W.2d 698 (Tex.Cr.App.1976). See and cf. *Braxton v. State,* 528 S.W.2d 844 (Tex.Cr.App.1975).

Omitting the formal parts, the indictment alleged that the appellant on or about May 27, 1975:

"did possess a firearm, namely a pistol, away from the premises where he lived, and that the said Harold B. Tew had been previously and finally convicted of the offense of Burglary, *an act of violence* against property, in Cause No. 18,909 in the 169th District Court of Bell County, Texas, on December 3, 1971."

■ The indictment fails to allege any culpable mental state as required by said § 6.02 and is therefore fundamentally defective. See *Ex parte Garcia,* 544 S.W.2d 432 (Tex.Cr.App.1976); *Hazel v. State, supra; Price v. State,* 523 S.W.2d 950 (Tex.Cr.App.1975); *Huggins v. State,* 544 S.W.2d 147 (Tex.Cr.App.1976).

■ An indictment which does not allege an offense against the law is utterly insufficient and any conviction based thereon is void. *Ward v. State,* 520 S.W.2d 395, 397 (Tex.Cr.App.1975), and cases there cited.

The cause must be reversed and the prosecution ordered dismissed.

In the event of another trial upon another indictment, we call attention to one of appellant's grounds of error. Appellant contends the court erred in charging the jury, over timely objection, with regard to the prior conviction alleged that " . . .

burglary is a felony involving an act of violence or threatened violence to a person or property." He contends that whether the prior burglary conviction was such a felony was a fact issue for the jury, and the court charged as a matter of law that burglary is per se such a felony and fell into error in so doing.

Said § 46.05's immediate forerunner was Article 489c, Vernon's Ann.P.C., 1925, as amended. The former statute was directed at weapons which could be concealed on the person and concerned prior felony convictions involving an act of violence. Said § 46.05 expanded the prior law to include all firearms and all prior felony convictions involving "an act of violence *or threatened violence.*" (Emphasis supplied.)

The Practice Commentary to said § 46.05 expresses concern over the broad scope of the statute "in view of the imprecise statement of the kinds of felonies available to invoke this section . . . Some violent felonies require only recklessness, e. g. Section 19.04 (involuntary manslaughter); others require intent. Some felonies can be committed with or without violence or threats of violence, e. g. Sections 21.02 (rape), *30.02 (burglary)*." (Emphasis supplied.)

The indictment is set out above and does not need to be repeated here. It is observed that it alleged the prior conviction of burglary was "an act of violence."

The record reflects that appellant was arrested on Avenue D in downtown Killeen on May 27, 1975 with a pistol in his possession. Detective Tom Birchum of the Killeen Police Department testified he investigated a burglary of a building on September 15, 1971 and arrested appellant, who had been seen exiting a window by three witnesses. It was determined entry was made at the same window. The window frame contained no glass, but was covered by a piece of plywood nailed from the inside. The plywood had been pushed in. The officer testified that the building was not damaged and the plywood was not damaged and could be used again. It was established that the appellant did not use an axe, hammer or any instrument.

Under Article 489c, Vernon's Ann.P.C. (1925), as amended in 1969, the precursor of said § 46.05, we held that it must be alleged and proven that the previous conviction involved an act of violence. *Mendoza v. State*, 460 S.W.2d 145 (Tex.Cr.App.1970); *Waffer v. State*, 460 S.W.2d 147 (Tex.Cr. App.1970). The indictments in both *Mendoza* and *Waffer* allege that the prior conviction was burglary, but failed to allege that the burglary offense is an act of violence. Both causes were reversed.

In footnote # 1 of *Mendoza v. State*, supra, it was written:

"The record shows that the indictment in the previous conviction alleges burglary with intent to commit theft. This was not shown to have involved violence. Burglary may be committed by one who enters a house in any manner and remains therein with intent to commit a felony or the crime of theft. Article 1389, V.A.P.C. Article 1394, V.A.P.C., provides, in part: ' * * * The slightest force, however, is sufficient to constitute breaking; it may be by lifting the latch of a door that is shut, or by raising a window, the entry at a chimney, or other unusual place, the introduction of the hand or any instrument to draw out the property through an aperture made by the offender for that purpose."

It should be remembered that these statutes were in effect at the time of appellant's 1971 conviction for burglary with intent to commit theft. The indictment therein alleged the appellant did "break and enter" a house, and the judgment found him guilty of "burglary by breaking with intent to commit theft." This, however, does not convert burglary by breaking under the former Penal Code into an act of violence per se. See *Mendoza v. State, supra* (footnote # 1).

In the early case of *State v. Robertson*, 32 Tex. 159 (1869), the Texas Supreme Court, dealing with penal provisions the same as were in existence in 1971 when appellant was convicted of burglary, concluded that

burglary by breaking did indeed imply some actual force, but the Court stated, "but it does not contemplate such force as would be denominated violence."

In the recent case of *Powell v. State,* 538 S.W.2d 617 (Tex.Cr.App.1976), we held, in interpreting § 46.05, that "whether a felony offense is within the scope of this statute must depend on the facts and circumstances of each case.

■ In the instant case the State alleged as an element of the offense that the prior conviction was "an act of violence." It was incumbent upon the State to prove up the elements of the offense alleged in the indictment. See *Cathy v. State,* 402 S.W.2d 743 (Tex.Cr.App.1966).

The appellant urges that evidence shows that the prior conviction was burglary by breaking but leaves a fact issue as to whether it involved an act of violence for the jury to decide and the court erred in instructing the jury that burglary was an act of violence per se.

Article 36.13, Vernon's Ann.C.C.P., provides that the jury is the exclusive judge of the facts where impanelled unless otherwise provided.

In *Marlow v. State,* 537 S.W.2d 8 (Tex.Cr. App.1976), it was pointed out that it has been uniformly held it is improper for a judge, in charging the jury in a criminal case, to assume that any fact has been proved against the defendant, however strong the evidence may be. See also *Kellogg v. State,* 58 Tex.Cr.R. 84, 124 S.W. 958 (1910); *Richardson v. State,* 390 S.W.2d 773 (Tex.Cr.App.1965); *Supina v. State,* 115 Tex.Cr.R. 56, 27 S.W.2d 198 (1930); *Jones v. State,* 22 Tex.App. 680, 3 S.W. 478 (1887); *Jernigan v. State,* 10 Tex.App. 546 (1881); *Webb v. State,* 8 Tex.App. 115 (1880); *Baker v. State,* 6 Tex.App. 344 (1879); *Hawley v. State,* 158 Tex.Cr.R. 61, 252 S.W.2d 933 (1952); *Stanley v. State,* 142 Tex.Cr.R. 495, 154 S.W.2d 856 (1941); *Hughes v. State,* 99 Tex.Cr.R. 244, 268 S.W. 960 (1925); *Cannon v. State,* 84 Tex.Cr.R. 504, 208 S.W. 339 (1919); *Young v. State,* 68 Tex.Cr.R. 580, 151 S.W. 1046 (1912). Cf. *Lights v. State,*

21 Tex.App. 308, 17 S.W. 428 (1886); *Zeff v. State,* 100 Tex.Cr.R. 448, 273 S.W. 563 (1925); *Rhyne v. State,* 142 Tex.Cr.R. 104, 151 S.W.2d 599 (1941).

■ The inherent danger is clear where the trial court assumes in its charge facts damaging to a defendant merely because the same were not "controverted," not "placed in issue" or not "contested." It is the right of all defendants to put the State to its proof. The burden of proof rests with the State, and the failure of an accused to present evidence in his own behalf cannot alone authorize the trial court to charge the jury in such a manner that every fact upon which proof was all one way is assumed to be true. Such a result comes perilously close to authorizing a directed verdict of guilty for the State. See *Marlow v. State, supra.*

■ The trial court should never assume as true a fact based wholly upon the State's testimonial evidence. The jury is always entitled to doubt the credibility of any witness, and there are both statutory and constitutional inhibitions against any instruction of the trial court that tends to invade that province of the jury. See *Marlow v. State, supra.*

■ We conclude that the trial court erred in instructing the jury that burglary involves an act of violence or threatened violence as a matter of law. Burglary does not per se involve violence, and whether a felony offense does involve violence must depend on the facts and circumstances of each case. *Powell v. State, supra.* The court's instruction, which assumed the prior conviction involved violence, was improper. We mention this so the same reversible error will not be repeated in another trial.

For the reasons stated earlier, the judgment is reversed and the prosecution under this indictment is dismissed.

DOUGLAS, Judge, dissenting.

The majority reverses and dismisses the prosecution "in the interest of justice" because the indictment did not allege that appellant intentionally, knowingly, reckless-

ly or negligently possessed a firearm. The indictment, in part, alleges that appellant

"did possess a firearm, namely a pistol, away from the premises where he lived, and that the said Harold B. Tew had been previously and finally convicted of Burglary, *an act of violence* against property, in Cause No. 18,909 in the 169th District Court of Bell County, Texas, on December 3, 1971."

It is difficult how someone could possess a pistol away from his premises where he lived without knowingly doing so. The definition of possession in V.T.C.A., Penal Code, Section 1.07(28), "means actual care, custody, control or management." Taking this definition, it is hard to conceive any case where one can have the actual care, custody, control or management of property without knowing it. It is not suggested how there could be a reckless or negligent possession under the definition passed by the Legislature.

Appellant knew from the indictment what he was charged with. He did not complain and has not complained as of this date. But, "in the interest of justice", the majority finds that he could have care, custody, control and management of a firearm without knowing it.

The judgment should not be reversed.