### HENRY HALL v. THE STATE.

No. 3746. Decided December 4, 1907.

**1.—Violation of the Game Law—Repeal—Saving Clause.**

Where in a prosecution for a violation of the game law prohibiting the selling of fish caught in certain waters, the former law defining this offense having been repealed by a later law, exempting the county in which said fish were caught from the operation of the former law,. the latter act of the Legislature not perpetuating offenses committed against the prior act, had the effect to nullify all pending prosecutions under said former act.

**2.—Same—Query.**

Has the Legislature authority to authorize a party to catch fish and reduce them to his possession, and thus acquire ownership and property in them, and then punish the party for the sale of such fish?

Appeal from the County Court of Harrison. Tried below before the Hon. H. E. Lyttleton.

Appeal from a conviction of violating the game law and selling fish against said law; penalty, a fine of $25.

The opinion states the case.

*Harrison, Davidson & Burkhart* and *S. P. Jones,* for appellant.—On question that the law under which defendant was convicted is against public policy and void: Allen v. Scott, Dallam, 615; 8 Am. & Eng. Enc. of Law, 1st ed., p. 39; 14th Amendment, Constitution United States; 7 Cyc., 185; State v. Sanders, 19 Kan., 127; State v. Evans (Idaho), 23 Pac. Rep., 115; 19 Cyc., 988; State v. Weber, 102 S. W. Rep., 955; Constitution of Texas, art. 3, sec. 56.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with selling and offering for sale two certain game fish on or about the 17th of April, 1907, which had been taken from fresh water lakes and streams in Harrison County. A motion was made to quash the complaint and information because it charged no offense against the law. The judgment was rendered at the May term of the County Court, 1907.

This prosecution was brought under the Acts of the Thirtieth Legislature, under what is known as House Bill 144 and is found on page 154 of said acts, which prohibits the taking, catching, killing, etc., of fish by means of poison, dynamite or any other explosive in any of the fresh water lakes and streams in this State. Section 2 prohibits parties from taking, catching and ensnaring or entrapping fish, except minnows for bait, by means of nets or in any other manner than hook and line, or trot line. This section exempts quite a number of counties from the operation of the law. In regard to Harrison County, this provisio is found in the bill, that Gregg, Harrison and Rusk counties shall be exempt from the provisions of this section as to the waters of Sabine river and no further. The evidence is that appellant caught the fish by means of the ordinary hook and line, but the charge against him is that he sold the fish after catching them. Another proviso of section 2 of the act in question, is that it shall be unlawful for any person to sell or offer for sale, ship or offer to ship, any game fish, including white perch, trout or bass, taken from any of the fresh water lakes and streams in Marion, Harrison and Cass counties, prescribing a punishment of not less than $25, nor more than $100.

We deem it hardly necessary, in the attitude of the case, to decide the question of the authority of the Legislature to authorize a party to catch fish and reduce them to his possession and acquire ownership and property in them and then punish the party for the sale of such fish: In the opinion of the writer, the Legislature would hardly have such authority. After it became his property and it was acquired as authorized by the Legislature, it would occur to the writer that the party would have a right to dispose of his property. That the Legislature is clothed with authority to protect game and fish in order to prevent their destruction is a sound proposition. That they may limit the manner of taking the fish to the ordinary hook and line or by means of the trot line, is in line with the same thought, but how it could be a protection to fish, or

game to prohibit their sale after they are taken from the water and reduced to possession and ownership, the writer does not understand. There may be a proper exercise of police power in limiting the manner of catching, and the Legislature might even go farther and limit the amount to be caught, and this would be a protection equally with the manner and means as to how they should be caught, but a different question is involved,. as the writer understands it, in regard to the prohibiting of a sale where the party has legitimately taken the fish. These, however, are but the views of the writer. There is a question that necessarily disposes of this case adversely to the State. Subsequent to the passage of the act under which this prosecution was instituted, the same Legislature, on page 161, passed another law which is House Bill No. 500, which exempts Gregg, Harrison and Rusk counties from certain provisions of that bill in certain respects and as to certain territory. The latter bill or act is practically a reproduction of the former in the main and was approved on April 6th, the other bill having been approved on April 5th. The first bill became a law at once under the emergency clause and by a proper two thirds vote. The latter bill did not take effect until ninety days after adjournment of the Legislature, which put it in effect on the 12th of July. The prosecution was begun and ended in the trial court, under the provisions of the first bill. By virtue of the terms of the latter bill a party is not prohibited from selling fish caught in certain portions of Harrison County, which are set out. And this bill includes all the territory lying north of the Texas & Pacific Railway from the State line to Marshall, and all that portion lying east of the Texas & Pacific Railway from Marshall to the Marion County line. The fish were taken from Caddo Lake, which is a very large lake extending from Texas for some distance into Louisiana, the State line crossing the lake. The facts show that the fish were taken by means of the hook and line from the water of Caddo Lake and sold at Marshall, Harrison County. When the latter act went into effect, it was practically a substitute for the former law passed by the same Legislature relating to the same subject matter and in regard to Harrison County, the terms of the latter law, in regard to selling fish, were omitted. The latter act, therefore, repealed the terms of the former law which prohibited such sale. The latter act does not perpetuate offenses committed against the prior act. Therefore, all pending prosecutions should pass from the dockets, and under our law, in this condition of matters, the parties would be exempt from prosecution. Article 16 of the Penal Code reads thus: "The repeal of a law, where the repealing statute substitutes no other penalty, will exempt from punishment all persons who may have offended against the provisions of such repealed law, unless it be otherwise declared in the repealing statute." As before stated, the first act of the last Legislature in regard to selling fish was repealed by the latter act and all prosecutions pending at the time the latter act went into effect, the parties being prosecuted will be exempt; and this statute applies to this case, pending its appeal to this court.

This statute has been so often construed that it would seem hardly necessary to refer to the authorities, but the proposition is sustained by the following: "If a case is appealed, and, pending the appeal, the law is changed, the appellate court must dispose of the case under the law in force when their decision is rendered; and if the law has been repealed, no further proceedings will be taken under the repealed law to enforce the punishment." Wall v. State, 18 Texas, 683; Sheppard v. State, 1 Texas Crim. App., 522; Hubbard v. State, 2 Texas Crim. App., 506; Montgomery v. State, 2 Texas Crim. App., 618; Tuton v. State, 4 Texas Crim. App., 472; Halfin v. State, 5 Texas Crim. App., 212; Chaplin v. State, 7 Texas Crim. App., 87; Monroe v. State, 8 Texas Crim. App., 343; Boone v. State, 12 Texas Crim. App., 184; Fitze v. State, 13 Texas Crim. App., 372; Pincard v. State, 13 Texas Crim. App., 373; Freese v. State, 14 Texas Crim. App., 31; Prather v. State, 14 Texas Crim. App., 453; Mulkey v. State, 16 Texas Crim. App., 53; Whisenhunt v. State, 18 Texas Crim. App., 491; Woodlief v. State, 21 Texas Crim. App., 412; Wells v. State, 24 Texas Crim. App., 230; Dawson v. State, 25 Texas Crim. App., 670; Robinson v. State, 26 Texas Crim. App., 82; Lawhon v. State, 26 Texas Crim. App., 101; Ex parte Cox, 28 Texas Crim. App., 537; Kenyon v. State, 31 Texas Crim. Rep., 13. This has even been held in regard to the repeal of a civil statute where that statute repeals the penalties imposed with regard to its enforcement. There can be no penalty or criminality in violating a repealed statute.

The substitution of the latter act for the former, omitting the penalty with regard to selling fish, repealed the former law so far as this case is concerned and under the authorities cited, he will be exempt from punishment even on appeal. There are many interesting questions presented for revision which we deem under the views taken, unnecessary to discuss.

For the reason indicated, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Henderson, Judge, absent.