### J. J. LANCASTER v. THE STATE.

No. 1858.   Decided June 5, 1912.

**1.—Murder—Newly Discovered Evidence.**

Where the affidavits of the alleged witnesses who were expected to testify to the alleged newly discovered evidence were not attached to the motion for new trial; and the alleged newly discovered evidence could have been secured by reasonable diligence, there was no error in overruling the motion.

**2.—Same—Newly Discovered Evidence—Want of Diligence.**

Where the motion for new trial did not disclose diligence to secure the alleged newly discovered evidence there was no error in overruling same.

**3.—Same—Charge of Court—Uncommunicated Threats.**

Where, upon trial of murder, the evidence showed that defendant killed deceased after the latter had left the defendant, shooting him in the back, there was no error in the court's failure in his charge on self-defense to instruct the jury that uncommunicated threats were only to be considered in the light of intent and for no other purpose.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence sustained a conviction of murder in the second degree, there was no error.

Appeal from the District Court of Red River. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of murder in the second degree; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of uncommunicated threats. Dobbs v. State, 54 Texas Crim. Rep., 552.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the second degree, his punishment being assessed at fifteen years confinement in the penitentiary.

Appellant's motion for new trial recites that the verdict is contrary to the law and the evidence, and further, that the court failed to charge that uncommunicated threats were only to be considered in determining intent and for no other purpose, and that he had newly discovered testimony, and that he could prove by I. N. Burchinal that deceased, John Weatherford, was a man of violent temper and passion. The amended motion for new trial recites that appellant had newly

discovered evidence, which is made a part of the motion, and attaches
the affidavit of himself to the effect that F. M. Lambert will swear
that he was acquainted with the deceased, and that he was a danger-
ous man, and one who would carry into execution a threat; that he
was a quarrelsome and disagreeable man in the neighborhood in which
he lived, and that deceased was a fugitive from justice in Arkansas
where the witness knew him best, and also in Oklahoma. He further
states that Burchinal will swear that he knew deceased was a quarrel-
some and dangerous man, and that deceased did raise a difficulty with
this witness about a month before the killing, and that he says he
believed he would carry a threat into execution. He further states
that he, appellant, knew nothing of the evidence of Lambert until
after the trial, nor until he had been informed by his attorney. The
affidavit of neither of these witnesses is attached to the motion for new
trial, and there is nothing to indicate that the witnesses would have
so testified had they been before the jury, except the affidavit of ap-
pellant. It would hardly be contended that the reputation of the
deceased in the neighborhood where the killing occurred would be
newly discovered. The parties had both lived there for sometime, and
if deceased had such reputation appellant knew it, or could have
known it. In regard to the statement of appellant in his affidavit
that the deceased was a fugitive from justice, one of defendant's
witnesses testified that he heard the deceased say that he had to leave
Arkansas, and had to leave Oklahoma, and there was nothing here to
keep him; that he never did have any trouble, and never would if he
could avoid it. Appellant placed this witness on the stand during his
trial. It occurs to us if in fact deceased was a fugitive from justice
it would hardly be newly discovered evidence to the defendant in the
face of this testimony introduced during the trial. Any reasonable
diligence would have ascertained any additional facts in this connec-
tion if defendant had desired them. He introduced the witness who
testified to these facts to prove the very matter that the witness did
testify about, and which appellant alleges to be newly discovered
evidence.

Appellant filed some bills of exception. The first one was to the
overruling of the motion for new trial in regard to newly discovered
testimony. The court approved the bill with the statement that he
did not certify that the witness would have testified to anything, or
what his testimony would have been. That defendant had six months
after he was indicted to get his testimony. There was no error in
overruling the motion in reference to this matter. Nor was there any
error shown in bill No. 2 which recites that the court erred in not
granting the motion for new trial to obtain the testimony of Burchinal
to prove the dangerous character or reputation of deceased. If that
was true or could have been shown, there were quite a number of
witnesses in the community who would have known the reputation

as well as Mr. Burchinal, and it could not have been newly discovered evidence for the defendant.

Bill No. 3 uses the following language: "Defendant excepts to the court overruling his motion for new trial in that the court did not specifically charge that uncommunicated threats were only to be considered in the light of intent, and for no other purpose." The court approves this bill with this statement: "That I did charge on threats and my recollection now is that no charge whatever was asked on the subject." The court did give a charge upon threats, but this charge seems to have confined the matter to communicated threats. There was a threat of a qualified nature testified by one of the witnesses as having been made by deceased. The record is not clear that this was or was not communicated, as we understand the record, and there seems to have been some threats made by the defendant against the deceased, and it is not shown that these were or were not communicated to the deceased. The specification of the grounds in the motion for new trial as set forth also in bill of exceptions is rather indefinite and does not specify whether it related to the intent of deceased or the defendant. Uncommunicated threats may serve anyone of three purposes, or perhaps may be considered with reference to all three of them. It is unnecessary here to go into a discussion of those matters. If the question: who was in the wrong in bringing about the difficulty, was a matter of moment in the case, uncommunicated threats would be of some importance, or might be of importance. Under the testimony there is some question raised as to who began the difficulty. The defendant contends and introduced evidence to the effect that deceased began it with a knife, and that when this happened he sent his son to the house for a gun, and during the absence of his son he and deceased fought over the lot in which they were in until the boy returned with the gun, and on the return of his son with the gun he reached for it as did deceased, and a scuffle ensued over the gun, appellant securing it; whereupon the deceased left him and started off, abandoned the difficulty. After deceased had turned away from appellant and had gone some distance, appellant shot him in the back, killing him. Even from appellant's view of the case the issue of self-defense had passed out, and, therefore, it was unimportant as to who began the difficulty, so far as self-defense was concerned. When the deceased abandoned the difficulty and went away, the issue of self-defense was eliminated. Taking the State's view of the case, the difficulty of which appellant speaks occurring in the lot is not true. The witnesses for the State testify there was no evidence of any struggle in the lot at any point, and that deceased was shot in the back after he had gotten over the fence and had left the scene of the trouble, and was outside of the fence some distance when so shot. The physical facts go strongly to sustain the State's theory of the case. The wound inflicted was one that would have evidently placed the deceased in such attitude that he could not have made any

progress after being shot. The ball entered under the shoulder and near the backbone from behind and went through. The gun was a rifle. From any standpoint the killing occurred after deceased had passed out of the lot and away from the defendant anywhere from fifteen to twenty steps. Uncommunicated threats under this view of the matter would have no bearing upon the issue of self-defense, and the court was not in error in failing to charge the jury in regard to this matter.

Appellant contends the evidence is not sufficient to support this conviction. We deem it unnecessary to recite the facts. Under appellant's own statement it was a very unnecessary killing, and of a man who had abandoned the difficulty, if in fact he had engaged in one with appellant.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*