### A. J. Aycock v. The State.

#### No. 5995. Decided December 1, 1920.

**1.—Murder—Manslaughter—Beginning Difficulty—Provoking Difficulty—Uncommunicated Threats.**

Where, upon trial of murder and a conviction of manslaughter, there was evidence of uncommunicated threats, and the issue as to who began the difficulty was raised, the court's failure to charge upon the issue of uncommunicated threats, under the facts, was reversible error. Following Kirklin v. State, 73 Texas Crim. Rep., 351, and other cases.

**2.—Same—Charge of Court—Rule Stated.**

It is a rule of universal application that the charge of the court must always conform to the facts, and the issues arising in the particular case on trial.

**3.—Same—Uncommunicated Threats—Rule Stated—Self-defense.**

Uncommunicated threats, as a general rule, are provable in murder trials in homicide cases when the evidence raises the issue and leaves in doubt the question as to which of the parties to the homicide began the attack; and this is true where the issue of self-defense is in the case. And, this issue, being before the jury, a charge on uncommunicated threats is necessary.

Appeal from the Criminal District Court of Dallas, No. 2. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of manslaughter; penalty, two years' imprisonment in the penitentiary.

*John C. Adams,* for appellant.—Cited: Kirklin v. State, 164 S. W.
Rep., 1016, and cases cited in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of man-
slaughter and his punishment assessed at two years in the penitenti-
ary.

It was seriously controverted on the trial as to who began the dif-
ficulty. There is evidence from the witnesses for the State and ap-
pellant that deceased was the aggressor, even to the extent of pro-
voking the difficulty. This evidence shows that deceased and appel-
lant had had some trouble about settlements of financial matters
which were finally compromised on the day of the homicide and pre-
ceding the difficulty. There were communicated threats by deceased
to take the life of appellant. There are also uncommunicated threats
made by deceased against the life of appellant.

At the time of the difficulty the two men met in the presence of
eyewitnesses. The deceased had a knife in his hand and was accom-
panied by a Mr. Curtis. There was some conversation, and appel-
lant bade deceased to go away, that he did not want any trouble
with him. Deceased said to appellant that he had been acting the
damn rascal with him for a year, and started towards him with a
knife in his hand. The evidence is disputed as to whether the knife
was closed or open. The witnesses differ upon this phase of the case.
When deceased used the language and started towards appellant with
his knife appellant kicked or kicked at the deceased, and deceased
struck him a blow which staggered him backward, and he came very
near falling. Deceased continued to advance, appellant jerked his
pistol and fired. It is not the purpose of this opinion to go into a
detailed statement of the testimony. It is quite voluminous, but this
is a sufficient brief summary of this attitude of the case.

The defense urged that the court failed to charge the jury upon
the issue of uncommunicated threats under the circumstances. Ap-
pellant excepted and requested in writing a special charge submit-
ting the issue, which was also refused by the court. In signing the
qualification the judge seems to have been under the impression and
so stated that it would have been a charge upon the weight of the
evidence, and intimates that was not the law in Texas until a recent
decision, and he was under the impression that under that decision
the facts were peculiar. He further seemed to entertain the idea
that it would not furnish a criterion for a rule that a charge on un-
communicated threats should be given. Whether a charge on uncom-
municated threats should be given or not would depend upon the
facts of the particular case. It has been held that it is not necessary
to charge upon such threats in some instances when self-defense is
an issue. Dobbs v. State, 54 Texas Crim. Rep., 552; Washington

v. State, 52 Texas Crim. Rep., 197. But that rule does not obtain except in instances where the testimony does not raise the issue as to who began the difficulty. Wherever it is an issue as to who began the difficulty, and the issue of self-defense is involved upon that question, it is the rule and has been often held that the failure to charge on uncommunicated threats is erroneous, unless it be of no importance in the case. See Lancaster v. State, 66 Texas Crim. Rep., 656, 148 S. W. Rep., 307. But those cases are not applicable to this cause as developed by the facts. The rule is definitely settled that when the issue is of vital importance as to who began the difficulty, the court should charge as to the uncommunicated threats of deceased. Kirklin v. State, 73 Texas Crim. Rep., 251; Huddleston v. State, 54 Texas Crim. Rep., 98; Pate v. State, 54 Texas Crim. Rep., 464; Trotter v. State, 37 Texas Crim. Rep., 468; Pitts v. State, 29 Texas Crim. Rep., 374; Levy v. State, 28 Texas Crim. App., 203. See also, State v. Blee, 133 Iowa, 733. It is a rule of universal application that the charge must always be conformed to the facts and the issues arising in the particular case on trial. Whatever those issues are as presented by the evidence the charge must be given as thereto applicable, and it would not require citation of authorities to show it is error to fail to charge on the issue of self-defense when that issue is in the case, and self-defense being in the case, the charge must fit the facts that present that issue. If provoking the difficulty arises from some act of the defendant, his right of self-defense may be curtailed by such provocation and his purpose involved in such provocation. If he brought about or provoked the difficulty to kill, the case is usually one of murder. If only for a less purpose, the case will be usually one of manslaughter, although the slayer might be forced to kill in self-defense. This is too well settled for discussion, but in such contingencies the accused is assumed to be in the wrong as he brought about the occasion for the killing. Some times this is known as imperfect self-defense. If the deceased produced the occasion or brought about the difficulty the slayer is justified in meeting such provocation as the facts attending the homicide or difficulty may disclose. Uncommunicated threats as a general rule are provable in murder trials and homicide cases when the evidence raises the issue and leaves in doubt the question as to which of the parties to the homicide began the attack. The cases already cited illustrates this rule and are in point. See also Wharton's Crim. Ev., 9 Ed., Sec. 757. This is true where the issue of self-defense is in the case. Who was the aggressor, or who produced the difficulty is often a vital question in homicide. If the defendant was in the wrong under either view, his claim of self-defense is thereby weakened. If deceased was the aggressor and provoked the difficulty or began it, self-defense would thereby become more favorable to the accused. If the issue be in doubt under the facts of the case, the uncommunicated threats tend to strengthen the issue of communicated threats as well

as to bear upon and solve the question as to who began the difficulty, and may characterize the seriousness of the attack upon the accused. This may bear upon the act of defendant as slaying his adversary. These rules have been pretty thoroughly understood and well adjudicated in the jurisprudence not only of Texas but wherever the rule has come under investigation in the courts generally of the Federal Union.   This issue was before the jury that tried appellant.   The State claimed by its testimony that appellant produced the occasion and began the difficulty.   There is quite a lot of evidence to the effect both from the defendant and State's witnesses that deceased began the difficulty.   The court charged upon communicated threats, but refused to charge upon uncommunicated threats.   If the jury had understood the value of the uncommunicated threats, legally speaking, under an appropriate charge from the court, the result of this case may have been different.   The charge upon communicated threats give the jury to understand that the defendant believed his life was in danger from the acts of deceased, viewed from his demonstrations and acts at the time of the shooting.   They may have believed and could have believed the State's version of it, that appellant was the aggressor, and his communicated threats were valueless, but if they had been informed that the uncommunicated threats would tend to solve the question as to who began the difficulty, it would have intensified the value of the communicated threats and given color and tone to the actions of deceased in advancing upon appellant under the circumstances detailed.   However, the rule is well settled under such circumstances as detailed in this record that the accused is entitled to a charge on uncommunicated threats.

The judgment, therefore, will be reversed and the cause remanded.

*Reversed and remanded.*