Reyes **MENDOZA, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43122.

Court of Criminal Appeals of Texas.

Dec. 2, 1970.

Glenn Goodnight, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power, George McManus and Robert S. Williams, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the felony offense of possessing a firearm away from the premises upon which appellant lived after he had served a term in the Department of Corrections for the offense of burglary under Article 489c, Vernon's Ann.P.C. The punishment was assessed by the jury at one year.

The record shows that appellant was in possession of a pistol at the Lone Star Drive In in Fort Worth after he had been previously convicted in 1966 for burglary with intent to commit theft.

The indictment was presented on March 25, 1969.

Appellant contends that the trial court erred in refusing to grant an instructed verdict, because Article 489c had been amended and that part of the act making it an offense to carry a prohibited weapon after one had been convicted for the offense of burglary was repealed.

At the time of the alleged offense and the presentment of the indictment, Article 489c, V.A.P.C., as amended (Acts 1957, 55th Leg. Ch. 28, p. 50), read in part, as follows:

"Section 1. It shall be unlawful for any person who has been convicted of burglary or robbery, or of a felony involving an act of violence with a firearm under the laws of the United States or of the State of Texas, or of any other state, and who has served a term in the penitentiary for such conviction, to have in his possession away from the premises upon which he lives any pistol, revolver or any other firearm capable of being concealed upon the person.

"Sec. 2. Anyone violating any of the provisions of this Act shall be guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the penitentiary for not less than one (1) nor more than five (5) years."

Article 489c, as amended in 1969 (Acts 1969, 61st Leg. Ch. 653, p. 1951, effective September 1, 1969), reads, in part, as follows:

"Section 1. No person who has been convicted of a felony involving an act of violence may possess away from the premises upon which he lives a prohibited weapon, or a firearm having a barrel of less than 12 inches in length. 'Prohibited weapon' means any weapon specified by Article 483, Penal Code of Texas, 1925, as amended.

"Sec. 2. A person who violates any provision of this Act is guilty of a felony and upon conviction is punishable by imprisonment in the penitentiary for not less than two nor more than 10 years."

The 1969 amendment eliminated any reference to those convicted of burglary. The indictment contained no allegation that the burglary involved an act of violence. The trial started on the 10th day of September, 1969, after the effective date of the 1969 Act.

There is now no statute in effect making it a felony for one who has been convicted for the offense of burglary to possess a prohibited weapon away from the premises upon which he lives.

The Legislature did not see fit to provide for a saving clause permitting prosecution under that part of the repealed statute. In fact, the only material change in the amendment to Article 489c, supra, was to eliminate burglary and still leave that part of the statute making it a felony for one to possess a prohibited weapon after having been convicted for a felony offense involving violence and to increase the penalty where violence had been involved in the previous offense.

Article 14, V.A.P.C., provides:

"The repeal of a law where the repealing statute substitutes no other penalty will exempt from punishment all persons who may have violated such repealed law, unless it be otherwise declared in the repealing statute."

Article 15, V.A.P.C., cannot be used to support this conviction. It provides in substance that when a repealing statute substitutes a new penalty for the offense punishable under the repealed law such repealing statute shall not exempt from punishment a person who has offended against the prior law while it was in force. No new penalty was substituted.

In Hall v. State, 52 Tex.Cr.R. 195, 106 S.W. 149, the conviction was for the sale of game fish which had been taken on or about the 17th day of April, 1907, from fresh water lakes and streams of Harrison County.

The prosecution was brought under the Acts of the 30th Legislature which prohibited, among other things, the taking of fish by means of nets or by any means other than hook or line. It also prohibited the sale of game fish taken from the county.

After the alleged offense was committed, the Act was amended effective July 12, 1907, and read the same except the provision relating to the sale of game fish was omitted.

Hall was convicted in the May term of court. The court held that the substitution of the later act, omitting the penalty with regard to the sale of fish, repealed the former law prohibiting the sale of fish and that Hall could not be prosecuted.

In Cox v. State, 90 Tex.Cr.R. 256, 234 S.W. 531, the conviction was for possessing equipment for making intoxicating liquor. The Dean Law making the possession of such equipment illegal was amended by the 37th Legislature in Chapter 61,

Acts First Called Session. The court wrote:

"An examination of said amended statutes discloses that possession of such equipment is not enumerated in the forbidden acts. This constitutes a repeal of the law under which appellant was convicted. * * *"

In 1 Branch's Ann.P.C.2d, Section 20, p. 21, is found:

"If the statute is repealed pending prosecution without a saving clause, no punishment can be inflicted, although the act was done while the law was in force. The prosecution is 'pending' though the case is on appeal."

The fact the Legislature repealed that part of the Article 489c pertaining to burglary by amendment does not amend the penalty for the act charged in the present indictment. It only amended the penalty for the offense of possession of a prohibited weapon after one had previously been convicted of a felony offense involving violence.

The amendment to the statute did not change or modify the offense where burglary was involved, but eliminated it. Article 14, V.A.P.C., controls since no new penalty was provided and there was no saving clause.

The repeal of the burglary part of the statute was just as effective in the amendment as it would have been had all of Article 489c been repealed. See Hall v. State, supra, and Cox v. State, supra.

Absent an allegation in the indictment and proof that the previous conviction involved an act of violence,[1] this conviction cannot stand. The judgment is reversed, and the prosecution is ordered dismissed.

1. The record shows that the indictment in the previous conviction alleges burglary with intent to commit theft. This was not shown to have involved violence. Burglary may be committed by one who enters a house in any manner and remains therein with the intent to commit a felony or the crime of theft. Article 1389, V.A.P.C. Article 1394, V.A.P.C., provides, in part:

" * * * The slightest force, however, is sufficient to constitute breaking; it may be by lifting the latch of a door that is shut, or by raising a window, the entry at a chimney, or other unusual place, the introduction of the hand or any instrument to draw out the property through an aperture made by the offender for that purpose."