**Samuel T. WAFFER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43281.**

Court of Criminal Appeals of Texas.

Dec. 2, 1970.

Lawrence & Lawrence by Wm. D. Lawrence, Jr., Tyler, for appellant.

Hunter B. Brush, Dist. Atty., Tyler, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the felony offense of possessing a firearm away from the premises upon which appellant lived after he had served a term in the Department of Corrections for the offense of burglary.

The sufficiency of the evidence is not challenged. The prior conviction was in 1960 for the offense of burglary with intent to commit theft.

The controlling question in this case is substantially the same as the one in Mendoza v. State, Tex.Cr.App., 460 S.W.2d 145 (this day decided), and is as follows: Did the Legislature repeal that part of Article 489c so that a prosecution thereunder could not be based solely on a conviction for the crime of burglary?

Article 489c, V.A.P.C., (Acts 1957, 55th Leg. Ch. 28, p. 50), at the time the offense was alleged to have been committed and at the time of the trial read, in part, as follows:

> "It shall be unlawful for any person who has been convicted of burglary or robbery, or of a felony involving an act of violence with a firearm under the laws of the United States or of the State of Texas, or of any other state, and who has served a term in the penitentiary for such conviction, to have in his possession away from the premises upon which he lives any pistol, revolver or any other firearm capable of being concealed upon the person."

The last amendment, (Acts 1969, 61st Leg. Ch. 653, p. 1951, effective September 1, 1969), eliminated any reference to those convicted for burglary. It reads, in part, as follows:

> "No person who has been convicted of a felony involving an act of violence may possess away from the premises upon which he lives a prohibited weapon, or a firearm having a barrel of less than 12 inches in length. 'Prohibited weapon' means any weapon specified by Article 483, Penal Code of Texas, 1925, as amended."

The indictment contained no allegation that the burglary upon which he had been convicted involved an act of violence. The trial started on the 13th day of May, 1969, before the effective date of the 1969 Act. Notice of appeal was given on September 9, 1969.[1]

Article 14, V.A.P.C., provides:

> "The repeal of a law where the repealing statute substitutes no other penalty will exempt from punishment all persons who may have violated such repealed law, unless it be otherwise declared in the repealing statute."

We hold that the Legislature by the 1969 Act repealed that part of the statute which authorized prosecution based on a conviction for burglary. See Mendoza v. State, supra, and the authorities there cited.

Article 14, supra, controls because no new penalty was provided, and there is no saving clause in the 1969 amendment.

1. The record reached this Court on June 29, 1970.

The correct rule applicable to this case is found in 1 Branch's Ann.P.C.2d, Sec. 20, p. 21, and is as follows:

> "If the statute is repealed pending prosecution without a saving clause, no punishment can be inflicted, although the act was done while the law was in force. The prosecution is 'pending' though the case is on appeal."

Absent an allegation in the indictment and proof that the previous conviction involved an act of violence, this conviction cannot stand.

The judgment is reversed, and the prosecution is ordered dismissed.