**Neal Simpson WEBB**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections.**

**No. MO–71–CA–51.**

United States District Court, W. D. Texas, Midland-Odessa Division.

Sept. 29, 1971.

Wm. Monroe Kerr, Kerr, Fitz-Gerald & Kerr, Midland, Tex., for petitioner.

Crawford C. Martin, Atty. Gen. of Texas, Larry Craddock, Asst. Atty. Gen., for respondent.

## MEMORANDUM ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

SUTTLE, District Judge.

On the 10th day of September, 1971, came on for consideration and hearing the above styled and numbered Petition for Writ of Habeas Corpus, and the Court, having considered the Petition, Respondent's Answer thereto, Petitioner's Reply and Briefs in support thereof, and comments of counsel, finds and rules as follows:

In presenting his claim to the convicting Court and the highest appellate Court in the State, petitioner has exhausted his State remedies. Brown v. Allen, 344 U.S. 443, 448, 73 S.Ct. 397, 97 L.Ed. 469 (1953). The constitutional questions here raised regarding the state statutory scheme as interpreted by those courts are properly before this Court, and the Motion to Dismiss is, in all things, DENIED, and IT IS SO ORDERED.

Petitioner is in custody serving a life sentence upon a verdict of guilty to unlawful possession of a firearm by an ex-convict in violation of Tex. Penal Code Ann. art. 489c (1952).[1] State v. Webb, Crim. No. 3535, Dist.Ct. of Midland County, 142nd Judicial Dist. of Texas, March 19, 1968, aff'd, 439 S.W.2d 342 (Tex.Cr.App., March 5, 1969). Petitioner's final Motion for Rehearing and Motion to Stay Issuance of Mandate were overruled without written opinion by the Texas Court of Criminal Appeals on April 30, 1969, and mandate issued on May 2, 1969. Petitioner's attorney was advised of the Texas Court of Criminal Appeal's action by letter from the Clerk of the Texas Court of Criminal Appeals on May 15, 1969. The letter stated that the Court's action in no way affected petitioner's right to present an application to the United States Supreme Court for writ of certiorari. Pursuant to 28 U.S. C. § 2101(c) (1970), on July 24, 1969, the Petition for Writ of Certiorari was timely docketed in the Supreme Court. On September 1, 1969, while the case

---

1. It shall be unlawful for any person who has been convicted *of burglary or robbery,* or of a felony involving an act of violence with a firearm under the laws of the United States or State of Texas, or any other State and who has served a term in the penitentiary for such conviction, to have in his possession away from the premises upon which he lives any pistol, revolver, or any other firearm . . . .

Tex.Laws 1949, ch. 599, at 1186, as amended Tex.Laws 1957, ch. 28, § 1 at 50 (Emphasis added).

The evidence shows that on the occasion in question, appellant was found with a pistol in his hand, away from his residence. A prior conviction for burglary, for which appellant served time in the penitentiary, was also shown.

Webb v. State, 439 S.W.2d 342, 343 (Tex.Cr.App.1969).

was pending before the Supreme Court, an act amending article 489c became effective.[2] The effect of the amendment was to repeal that section of the act under which petitioner had been convicted. No Savings Clause was provided by the legislature permitting prosecution under that part of the repealed statute. On December 8, 1969, the United States Supreme Court denied certiorari. Webb v. Texas, 396 U.S. 968, 90 S.Ct. 450, 24 L. Ed.2d 434 (1969).

Pursuant to Tex.Code Crim.Proc.Ann. art. 11.07 (1966), petitioner filed a petition for writ of habeas corpus in state court alleging that under Texas law his conviction should be overturned because his appeal was not final when the act was repealed. Tex.Penal Code Ann. art. 14 (1952). In fact, the Texas Court of Criminal Appeals expressly overturned the conviction of one prisoner, who was convicted of the same crime as petitioner, because his appeal was pending before the Court of Criminal Appeals when the repealing act became effective. Mendoza v. State, 460 S.W.2d 145 (Tex. Cr.App.1970). *See also* Waffer v. State, 460 S.W.2d 147 (Tex.Cr.App.1970). The Court held that prosecution is pending though the case is on appeal; therefore "pending prosecution," no punishment can be inflicted although the act was done while the law was in force. Petitioner alleged that, like *Mendoza* and *Waffer,* prosecution was pending in his case until the Supreme Court denied his application for writ of certiorari. In its findings of fact and conclusions of law, the state district court recommended that the petition be granted. Ex Parte Webb, Crim. No. 4164, Dist.Ct. of Midland County, 142nd Judicial Dist. of Texas, January 7, 1971. The Texas Court of Criminal Appeals disagreed and denied the Writ without written order on March 19, 1971. Petitioner filed the present Petition for Writ of Habeas Corpus in this Court on July 7, 1971, claiming denial of equal protection of the laws under the Fourteenth Amendment to the United States Constitution.

The narrow issue presented to this Court is whether prosecution was pending in petitioner's case from the time that the Texas Court of Criminal Appeals overruled petitioner's motion for rehearing and issued mandate until the United States Supreme Court denied certiorari. This question was neither briefed nor argued before the United States Supreme Court on application for writ of certiorari; apparently petitioner's counsel was unaware of the repealing act at that time. Respondents admit that had petitioner timely made a motion to stay the issuance of the mandate, petitioner would have been entitled to reversal of his conviction when the repealing act became effective. Because petitioner failed to do so, respondents argue that under Texas procedure his judgment became final. Tex.Code Crim.Proc.Ann. arts. 44.26, 44.27 (1966). Procedural matters should not be controlling where fundamental constitutional rights are in the balance.

Both the Texas Court of Criminal Appeals and the United States Supreme Court have recognized that a person cannot be convicted after the law under which he was prosecuted has been repealed, notwithstanding that the offense may have been committed before the repeal. This rule applies where a law is repealed or expires while the case is on appeal to the highest court authorized to review it. Bell v. Maryland, 378 U.S. 226, 231 n.2, 84 S.Ct. 1814, 12 L.Ed.2d 822 (1964); Waffer v. State, *supra*; Mendoza v. State, *supra*. To classify a judgment as not final while the case is on appeal to the highest state court, but final afterwards, even though on appeal to the United States Supreme Court, is an arbitrary classification "utterly lack-

2. The amended portion of the act reads:
   Section 1. No person who has been convicted of a felony involving an act of violence may possess away from the premises upon which he lives a pro-
   hibited weapon, or a firearm having a barrel of less than 12 inches in length
   . . . .
   Tex. Penal Code Ann., art. 489c (Supp. 1970), *as amended.*

ing in rational justification" and constitutionally impermissible under the Fourteenth Amendment. Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed. 2d 1435 (1960); Williamson v. Lee Optical Co., 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955).

The Petition for Writ of Habeas Corpus therefore, is in all things, GRANTED, and respondents shall release petitioner from further custody in relation to the instant sentence, and IT IS SO ORDERED.