**Neal Simpson WEBB, Petitioner-Appellee,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellant.**

**No. 71-3382**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

March 17, 1972.

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Crawford C. Martin, Atty. Gen., Dunklin Sullivan, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Wm. Monroe Kerr, Midland, Tex., for petitioner-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

The trial court granted the petition of Webb, a Texas state prisoner, for relief[1] under a writ of habeas corpus and the Director of the Texas Department of Corrections appeals from that judgment. We are presented with a single narrow issue for consideration: the effect upon the petitioner's conviction[2] and sentence to life imprisonment[3] by a Texas court under a state statute which was repealed without a saving clause at a time when that conviction, although affirmed by Texas appellate courts was still being considered by the Supreme Court of the United States on a pending petition for writ of certiorari.

Before proceeding in the federal district court Webb was denied relief in a collateral attack upon his conviction in proceedings brought under Vernon's Texas Code Crim.Proc.Ann. art. 11.07 (1966).

Under Texas law[4] if the appeal was not final when the act under which

1. *See* Webb v. Beto, 1971, W.D.Tex., 338 F.Supp. 1101.

2. Petitioner was in custody serving a sentence imposed upon a verdict of guilty to unlawful possession of a firearm by a person who had previously been convicted of burglary in violation of Vernon's Texas Penal Code Ann. art. 489c (1957). His conviction of March 19, 1968, was affirmed by the Texas Court of Criminal Appeals on March 5, 1969, Webb v. State, Tex.Cr.App., 439 S.W.2d 342. His final motion for rehearing and motion to stay issuance of mandate were overruled without written opinion by the Texas Court of Criminal Appeals April 30, 1969 and that court's mandate issued on May 2, 1969. Webb's counsel was advised of this denial by letter from the Clerk of the Texas Court of Criminal Appeals on May 15, 1969, which letter advised him that the court's action in no way affected his right to apply to the Supreme Court of the United States for writ of certiorari. Webb's petition to that court was timely docketed on July 24, 1969, and was pending before the Supreme Court

on September 1, 1969, when an act of the Texas legislature amending Article 489c became effective. The effect of the amendment was to repeal the section of the act (making it applicable to persons formerly convicted of burglary) under which the petitioner had been convicted, and leaving the act applicable only to persons previously convicted of felonies involving an act of violence. No saving clause was provided by the legislature permitting prosecution under that part of the repealed statute. Certiorari was denied by the Supreme Court December 8, 1969. Webb v. Texas, 1969, 396 U.S. 968, 90 S.Ct. 450, 24 L.Ed. 2d 434.

3. The sentence was enhanced to life imprisonment by reason of two prior convictions alleged in the indictment for enhancement under Article 63, Texas Penal Code.

4. Article 14, Vernon's Ann.Pen.Code provides:
"The repeal of a law where the repealing statute substitutes no other penalty will exempt from punishment

Webb's conviction occurred was repealed that conviction may not stand. The Court of Criminal Appeals has so held with respect to two cases arising under the precise amendment involved here. See Mendoza v. State, Texas Cr.App. 1970, 460 S.W.2d 145, and Waffer v. State, Texas Crim.App.1970, 460 S.W.2d 147.

The respondent-appellant contends that the filing of the petition for writ of certiorari in the Supreme Court of the United States did not keep the prosecution pending as is contemplated by the decisions in *Mendoza*, supra, and *Waffer*, supra. The position is urged that the issuance of the mandate by the Court of Criminal Appeals on May 2, 1969 is controlling, although it is conceded that in all probability Webb could have stayed issuance of the mandate pending application for petition for certiorari by making timely application to the Court of Criminal Appeals. It is further noted by the respondent that Webb might have applied for a stay to the Supreme Court of the United States under Supreme Court Rule 27 and Title 28, U.S.C., Sec. 2101(f), and that the issuance of that court's stay would have recalled the mandate of the Court of Criminal Appeals.

It is strongly urged upon us that this is simply a matter of state law and that the Court of Criminal Appeals being the highest Texas criminal court is the final authority on this matter. Webb's position is that his petition to the Supreme Court of the United States for writ of certiorari kept the prosecution pending as was contemplated by *Mendoza*, supra, and *Waffer*, supra.

■ We think the reasoning of the district court is unassailable:

"Both the Texas Court of Criminal Appeals and the United States Supreme Court have recognized that a person cannot be convicted after the law under which he was prosecuted

all persons who may have violated such repealed law, unless it be otherwise declared in the repealing statute."

has been repealed, notwithstanding that the offense may have been committed before the repeal. This rule applies where a law is repealed or expires while the case is on appeal to the highest court authorized to review it. Bell v. Maryland, 378 U.S. 226, 231 n. 2, 84 S.Ct. 1814, 12 L.Ed.2d 822 (1964); Waffer v. State, *supra;* Mendoza v. State, *supra.* To classify a judgment as not final while the case is on appeal to the highest state court, but final afterwards, even though on appeal to the United States supreme Court, is an arbitrary classification 'utterly lacking in rational justification' and constitutionally impermissible under the Fourteenth Amendment. Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960); Williamson v. Lee Optical Co., 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955)." 338 F.Supp. 1101, at page 1103.

The judgment appealed from is

Affirmed.

As noted in footnote 2, the September 1, 1969 amendment contained no saving clause.