Robert Huttash, State's Atty., Austin, for the State.

**Ex parte Ronald Gene MOSES, Appellant.**

**No. 64928.**

Court of Criminal Appeals of Texas, En Banc.

July 16, 1980.

## OPINION

KEITH, Commissioner.

Relator seeks relief in this post-conviction proceeding brought under Article 11.07, V.A.C.C.P.

The grand jury returned an indictment against the relator on September 17, 1970, wherein it was charged that on or about May 9, 1970 relator did "possess a prohibited weapon, to wit, a pistol, away from his premises, the said Ronald Gene Moses having heretofore been convicted of a felony offense, against the peace and dignity of the State."

On February 25, 1977 the relator entered a plea of guilty to the indictment before the court, was found guilty and his punishment was assessed at six (6) years' imprisonment. No appeal was taken from such conviction.

Appellant, an inmate of the Texas Department of Corrections, now contends the indictment under which he was convicted is fundamentally defective and that he is entitled to post-conviction relief. We agree.

Upon the date of the commission of the alleged offense and at the time of the return of the indictment, Article 489c, V.A.P.C., 1925, as amended in 1969, read:

"No person who has been convicted of a felony involving an act of violence may possess away from the premises upon which he lives a prohibited weapon, or a firearm having a barrel of less than 12 inches in length. 'Prohibited weapon' means any weapon specified by Article 483, Penal Code of Texas, 1925 as amended."

It is relator's contention the indictment is fatally defective in that it failed to allege that his prior felony conviction involved an act of violence as required by the statute. In *Mendoza v. State*, 460 S.W.2d 145, 147 (Tex.Cr.App.1970), this court wrote:

"Absent an allegation in the indictment and proof that the previous conviction involved an act of violence, this conviction cannot stand. The judgment is reversed, and the prosecution ordered dismissed."

See also *Waffer v. State*, 460 S.W.2d 147 (Tex.Cr.App.1970).

This court has held, upon numerous occasions, that the validity of a fundamentally defective indictment may be challenged by a post-conviction writ of habeas corpus. See, e. g., *Ex parte Legg*, 571 S.W.2d 930, 931 (Tex.Cr.App.1978); *Ex parte Fontenot*, 550 S.W.2d 87, 88 (Tex.Cr.App.1977).

For the reasons herein stated, the conviction of relator in Cause No. 20887A in the 18th Judicial District Court of Johnson County is set aside and the said indictment is ordered dismissed.[1] The clerk of this court will furnish a certified copy of this opinion and judgment to the Department of Corrections.

No motion for rehearing will be entertained.

---

1. Although the relator was not tried until after the effective date of the 1974 Penal Code, he was charged with and tried for a violation of the former Code, and he did not elect to be punished under the current Code. The 1974 Penal Code provisions are not applicable to this proceeding.