**Ex parte Leo Burbin RICE.**

**No. 67542.**

Court of Criminal Appeals of Texas.

March 17, 1982.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

McCORMICK, Judge.

This is an original application for a writ of habeas corpus. On August 5, 1964, petitioner was convicted upon a plea of guilty to the offense of unlawfully carrying a firearm after having been convicted of a felony. Petitioner was sentenced to one year in the Texas Department of Corrections. Petitioner is presently serving a life sentence for the offense of robbery. Apparently, the trial court used petitioner's two prior convictions (including the conviction which is the subject of this application) for enhancement. Petitioner alleges this application is not moot since he is still suffering collateral consequences although he has discharged his sentence for the conviction.

■ Petitioner's first contention is that the indictment was fundamentally defective in that it alleged no offense under the law then in effect. At the time petitioner was indicted, Article 489c, V.A.P.C. (1925), as amended (Acts 1957, 55th Leg., p. 50, ch. 28, sec. 1, eff. August 22, 1957), read as follows:

"Section 1. It shall be unlawful *for any person who has been convicted of a burglary or robbery,* or of a felony involving an act of violence with a firearm under the laws of the United States or of the State of Texas, or of any other state, and who has served a term in the penitentiary for such conviction, to have in his possession away from the premises upon which he lives any pistol, revolver or any other firearm capable of being concealed upon the person." (Emphasis added)

The indictment under which petitioner was charged reads in pertinent part:

"... was then and there a person who had previously been convicted of burglary, a felony, to-wit, the said LEO BURBIN RICE was duly and legally convicted on the 8th day of May, A.D. 1961, in the Criminal District Court No. 3 of Harris County, Texas, in Cause No. 88430 of said offense of burglary, a felony, styled the State of Texas vs. LEO BURBIN RICE upon an indictment then and there legally pending against him in said court and which said court had jurisdiction of said offense, and said conviction was a final conviction for which said LEO BURBIN RICE served a term in the Texas penitentiary.

"And after the judgement (sic) of conviction in said cause No. 88430 had become final, the said LEO BURBIN RICE on or about the 2nd day of May, A.D. 1963, in said County and State did then and there have in his possession, away from the premises upon which he then and there lived, a pistol."

The indictment properly alleges the elements of the offense as it existed at the time of the offense.

Petitioner cites *Mendoza v. State,* 460 S.W.2d 145 (Tex.Cr.App.1970), and *Waffer v. State,* 460 S.W.2d 147 (Tex.Cr.App.1970), to support his contention. In both of these cases, the offense was committed before a 1969 amendment to Article 489c, supra, which repealed the section of the article making it applicable to persons formerly convicted of burglary or robbery. Because the criminal prosecutions in these cases were still pending at the time of the 1969 amendment to Article 489c, supra, this Court ruled that the convictions in *Mendoza v. State,* supra, and *Waffer v. State,* supra, could not stand.

This question was once again addressed in *Webb v. Beto,* 338 F.Supp. 1101 (W.D. Tex.1971), affirmed 457 F.2d 346 (5th Cir. 1972). Webb was assessed a life sentence upon a verdict of guilty to unlawful possession of a firearm by an ex-convict in violation of Article 489c. He had previously been convicted of burglary. This Court affirmed Webb's conviction.[1] Webb's final motion for rehearing and motion to stay issuance of mandate were overruled without written opinion on April 30, 1969, and this Court's mandate was issued on May 2, 1969. Webb's attorney prepared an application for writ of certiorari to the United States Supreme Court and the petition for writ of certiorari was timely docketed in the Supreme Court. On September 1, 1969, while the case was pending before the Supreme Court the act amending Article 489c, supra, became effective. The effect of the amendment was to repeal that section of the article under which Webb had been convicted. No savings clause was provided by the Legislature permitting prosecution under that part of the repealed statute. On December 8, 1969, the United States Supreme Court denied certiorari.[2]

Webb then filed a petition for writ of habeas corpus in state court pursuant to Article 11.07, V.A.C.C.P. He alleged that under Texas law his conviction should be overturned because his appeal was not final

1. *Webb v. State,* 439 S.W.2d 342 (Tex.Cr.App. 1969).

2. *Webb v. Texas,* 396 U.S. 968, 90 S.Ct. 450, 24 L.Ed.2d 434 (1969).

when the portion of the act under which he was convicted was repealed. Relying on *Mendoza v. State*, supra, and *Waffer v. State*, supra, Webb argued that his prosecution was pending at the time of the 1969 amendment since the Supreme Court had not yet acted on his application for writ of certiorari. The State district court recommended that Webb's petition be granted. However, this Court denied the petition without written order. Webb then filed an application for writ of habeas corpus in the federal district court, claiming denial of equal protection of the laws under the Fourteenth Amendment of the United States Constitution. The federal district court cited the well recognized rule that a person cannot be convicted after the law under which he was prosecuted has been repealed, notwithstanding that the offense may have been committed before the repeal. The federal district court, noting that the rule applies where a law is repealed while the case is on appeal to the highest court authorized to review it,[3] held that this applies not only when the appeal is to the highest state court but also when the appeal is to the United States Supreme Court. The federal district court granted Webb's petition for writ of habeas corpus, and this decision was affirmed by the Fifth Circuit.[4]

It is clear that the case at bar does not come under the pronouncements in *Webb v. Beto*, supra; *Mendoza v. State*, supra; or *Waffer v. State*, supra, since Rice's conviction was final in 1964 and no appeals were pending at the time of the 1969 amendment to Article 489c, supra. Thus, his conviction for violation of Article 489c, supra, must stand.

■ Next, we must address the issue of whether his 1964 conviction for that conduct can still be used for purposes of enhancement. Although we can find no cases directly in point, two cases shed some light on the subject. In *Moreno v. State*, 541 S.W.2d 170 (Tex.Cr.App.1976), Moreno was convicted of aggravated assault. His punishment was enhanced to life based on convictions for two prior felony offenses. On appeal, Moreno argued that the trial court should have deleted each of the enhancement paragraphs from the indictment since the offenses alleged in each paragraph were no longer felonies under the laws of the State of Texas. The first enhancement paragraph alleged a prior felony offense of theft of property of the value of $50 or over. Under Article 1421, V.A.P.C. (1925), this was a felony. However, the 1974 penal code increased the value of property to $200 or more before the offense became a felony. V.T.C.A. Penal Code, Section 31.03(d)(4)(A). The second enhancement paragraph of the indictment alleged a prior felony offense of possession of narcotic paraphernalia. Under Section 4.07 of Article 4476–15, V.A. C.S., the Texas Controlled Substances Act, such offense is now a misdemeanor. This Court, in holding that the two prior convictions could be used for purposes of enhancement, relied on V.T.C.A. Penal Code, Section 12.41, and V.T.C.A. Penal Code, Section 12.42.

Section 12.42, supra, in applying the penalties for repeat and habitual felony offenders, repeatedly used the phrases:

"If it be shown . . . that the defendant *has been once before convicted of any felony. . . .*" (emphasis added)

and

"If it be shown on the trial of any felony offense that the defendant *has previously been finally convicted* of two *felony* offenses. . . ." (emphasis added).

The Legislature did not see fit to put any limitations or requirements that the offense still be a felony or indeed that the conduct still be a felony offense. Rather, the crucial factor in determining what may be used for enhancement is the fact that there has been a *final felony conviction*. Once it is determined there has been a final felony conviction, that conviction may be used for

---

3. *Bell v. Maryland*, 378 U.S. 226, 231, n. 2, 84 S.Ct. 1814, 1817, n. 2, 12 L.Ed.2d 822 (1964); *Waffer v. State*, supra; *Mendoza v. State*, supra.

4. *Webb v. Beto*, 457 F.2d 346 (5th Cir. 1972).

purposes of enhancement. Under Section 12.41, supra, if the conviction was not obtained from a prosecution under the 1974 Penal Code, and if confinement in the penitentiary was affixed as a possible punishment, for purposes of enhancement, the conviction is to be classified as a third degree felony. *Alvarado v. State*, 596 S.W.2d 904 (Tex.Cr.App.1980).

Since petitioner's conviction for violation of Article 489c, supra, was a *final felony conviction*, it may still be used for enhancement. Petitioner's first contention is overruled.

 Petitioner also claims the indictment alleged a misdemeanor and did not allege a felony and thus the district court had no jurisdiction. Section 2 of Article 489c, supra, as amended (Acts 1957, 55th Leg., p. 50, ch. 28, sec. 1, eff. Aug. 22, 1957), reads:

"Anyone violating any of the provisions of this Act shall be guilty of a felony, and upon conviction thereof shall be punishment by imprisonment in the penitentiary for not less than one (1) nor more than five (5) years."

We find that petitioner's second contention is totally without merit.

Petitioner's application is denied.