COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-398-CR

 

WESLEY JAYCEE BOREN                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 78TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1] 

 

                                              ------------

Wesley Jaycee Boren appeals
his sentence for the offense of felon in possession of a firearm, as enhanced
by two prior felony convictions.  In a
single issue, appellant asserts that the trial court erred by imposing a
twenty-five year sentence because the sentence, as enhanced, is contrary to
legislative intent.  We affirm.

 








The felon in possession
offense of which appellant was convicted is a third-degree felony.[2]  If a person convicted of a felony offense
other than a state jail felony has previously been finally convicted of two
prior felony offenses, the minimum punishment the person can receive is
twenty-five years.[3]  State jail felonies cannot, however, be used
to enhance non-state jail felonies.[4]

In this case, the enhancement
paragraphs of the indictment alleged that appellant had been finally convicted
of two prior felony offenses, credit card abuse in 1993 and forgery in
1992.  Appellant pleaded true to these
enhancement allegations, and he concedes that these offenses were both
punishable as third-degree felonies at the time of the prior convictions.[5]









In 1993, the legislature
reclassified these offenses as state jail felonies, effective September 1,
1994.[6]  Appellant claims that, in light of the
reclassifications, the legislature could not have intended the prior
convictions to be used in 2003 to enhance the punishment range for the felon in
possession offense to a twenty-five year minimum.  We disagree.

A savings provision
accompanied the 1993 amendments and states as follows:

(a)
The change in law made by this article applies only to an offense committed on
or after the effective date of this article. 
For purposes of this section, an offense is committed before the
effective date of this article if any element of the offense occurs before the
effective date. 

 

(b)
An offense committed before the effective date of this article is covered by
the law in effect when the offense was committed, and the former law is
continued in effect for that purpose.[7]

 








This savings provision clearly evidences
legislative intent that the 1993 amendments apply only to offenses committed on
or after the effective date of the 1993 legislation, which was September 1,
1994.[8]  Further, a prior felony conviction may be
used to enhance punishment for a separate offense, even if the offense that led
to the prior conviction has been subsequently reclassified as a lesser category
of offense.[9]  A[T]he crucial factor in determining what may be used for enhancement
is the fact that there has been a final felony conviction.@[10]

Because appellant was finally
convicted of two prior third-degree felony offenses before he was convicted of
the felon in possession offense, the trial court did not err by assessing his
punishment at twenty-five years.  We
overrule appellant=s issue and
affirm the trial court=s judgment.

 

PER CURIAM

PANEL
F:    CAYCE, C.J.; DAUPHINOT and HOLMAN,
JJ.

 

PUBLISH

 

DELIVERED:  December 15, 2005

 











[1]See Tex. R. App. P. 47.4.





[2]Tex. Penal Code Ann. '
46.04(a), (e) (Vernon Supp. 2005).





[3]Id. '
12.42(d).





[4]Id. '
12.42(e).





[5]See Act
of May 23, 1973, 63rd Leg., R.S., ch. 399, '' 32.21(d), 32.31(d), 1973
Tex. Gen. Laws 883, 935-36 (amended 1991, 1993, 1997, 2003, 2005) (current
version at Tex. Penal Code Ann. ''
32.21(d), 32.31(d) (Vernon Supp. 2005).





[6]See Act
of May 29, 1993, 73rd Leg., R.S., ch. 900, ' 1.01, secs. 32.21(d),
32.31(d), 1993 Tex. Gen. Laws 3586, 3643-44, 3766.





[7]Id. '
1.18, 1993 Tex. Gen. Laws at 3705.





[8]See
Kutzner v. State, 75 S.W.3d 427, 433 (Tex. Crim. App. 2002)
(stating that we are to construe statute according to its plain textual meaning
unless statute is ambiguous or construction would lead to absurd result that
legislature could not possibly have intended).





[9]See Alvarado
v. State, 596 S.W.2d 904, 906 (Tex. Crim. App. [Panel Op.] 1980); Elkins
v. State, No. 2-04-00243-CR, 2005 WL 3082226, at *3 (Tex. App.CFort
Worth Nov. 17, 2005, no pet. h.) (mem. op.) (not designated for publication)
(both holding enhancement proper when prior felonies had been reclassified as
misdemeanors).





[10]Ex
parte Rice, 629 S.W.2d 56, 58-59 (Tex. Crim. App. 1982).